Fabricant, J.
INTRODUCTION
The plaintiff Robert O’Neill, Jr. (O’Neill) filed this action seeking an order of the Court compelling his reinstatement as a police officer with the Cambridge Police Department. The case is presently before the Court on cross motions for summary judgment. For the reasons set forth below, O’Neill’s motion is allowed and Healy’s motion is denied.
FACTUAL AND PROCEDURAL BACKGROUND
O’Neill was appointed to the City of Cambridge Police Department as a police officer on November 1, 1965. On June 24, 1972, the Cambridge Retirement Board awarded O’Neill disability retirement, finding him unable to perform his duties because of injuries sustained in a motor vehicle accident, along with other causes. In December 1989 a medical review panel examined O’Neill and concluded that he was no longer suffering from an impairment and that he was able to return to work. The Cambridge Retirement Board informed the police chief of the medical review panel’s determination, and inquired as to the availability of a position. The police chief responded, on January 26, 1990, that no vacancy existed.
No action occurred with respect to O’Neill’s reinstatement from then until September of 1992, when O’Neill sought assistance from the Department of Personnel Administration. On September 16, 1992, the Department of Personnel Administration wrote to the Commissioner of the Cambridge Police Department, asking him to “indicate whether you approve of [O’Neill’s] reinstatement pursuant to G.L.c. 32, §8(2)[1] so that the Personnel Administrator may discharge his responsibilities under Chapters 31 and 32. If you do not approve of such reinstatement, please provide a reason for your decision.” The Commissioner did not respond to that letter.
In 1993, O’Neill sought to compel action by filing suit in Plymouth Superior Court, No. 93-0796-A. On November 15, 1996, after ajury-waived trial, the Court (Patrick Brady, J.), entered judgment ordering the City “to consider the plaintiff for reinstatement within thirty (30) days of the occurrence of the next vacancy in the police department; and, if the chief of police does not approve of his reinstatement, to set forth in writing the reasons for disapproval.[2]
In compliance with Judge Brady’s order, the City considered and denied O’Neill’s application for reinstatement. The Police Commissioner set forth his reasons in a letter dated December 16, 1996, to defendant Healy, recommending disapproval. The Commissioner’s reasons, as set forth in his letter, included the following. On May 30, 1984, O’Neill was charged with assault and battery by means of a dangerous weapon and trespassing; those charges were filed by the court.[3] On April 30, 1987, O’Neill was charged with shoplifting, to which he admitted sufficient facts, leading to a continuance without a finding and subsequent dismissal. In August 1993, the Somerville District Court issued a restraining order against O’Neill, pursuant to G.L.c. 209A, upon the application of O’Neill’s brother, John J. O’Neill, who alleged that O’Neill had made threats on his life, possessed firearms, and had committed violent acts against others which resulted in their hospitalization. On December *371 20, 1994, in a deposition taken in connection with the Plymouth County case, O’Neill made material omissions in responses to questions regarding his arrest record, the disposition of the criminal charges, and the restraining order. After the deposition, O’Neill signed the transcript without correcting his inaccurate testimony. O’Neill made further inaccurate statements in his September 1996, application for reinstatement. Based on these facts, the Commissioner concluded that O’Neill had engaged in a “pattern of conduct which indicates a history of instability, unreliability, irresponsibility, and poor judgment, and a lack of good character, reliability, credibility and veracity.”
Based on the Police Commissioner’s letter, defendant Healy, by letter dated January 17, 1997, informed the Retirement Board that he declined to approve O’Neill’s reinstatement. O’Neill filed appeals from that decision with both the Civil Service Commission (“CSC”) and the Public Employee Retirement Administration Commission (“PERAC”). The CSC appeal remains pending, but PERAC has informed O’Neill, by letter dated March 4, 1997, that “this Commission has no jurisdiction to hear appeals with respect to the decision of the Police Commissioner not to reinstate you.”
On November 11, 1996, the legislature enacted Chapter 306 of the Acts of 1996, amending G.L.c. 32, §8.[4] Pursuant to the statute as so amended, on January 31, 1997, a new regional medical panel re-examined O’Neill and “certified that [his] condition has changed so that he is able to return to the same or a similar position from which he was retired.” The Cambridge Retirement Board, by letter dated March 4, 1997, notified the City of the panel’s determination, and that under the statute as amended O’Neill “shall be returned to said position, provided the position is vacant.” The Board requested that Healy inform it “at your earliest convenience, whether a vacancy in the same or a similar position in the department exists.” Healy responded, by letter dated March 25, 1997, declining to reinstate O’Neill based on the Police Commissioner’s recommendations. O’Neill then filed this action on April 8, 1997.
DISCUSSION
Summary judgment is warranted where there are no disputed issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983). A court will grant summary judgment to the party entitled to judgment as a matter of law where “there is no real dispute [concerning] the salient facts,” or if a case only involves a question of law. Cassesso v. Commissioner of Corrections, 390 Mass. at 422. Here, the parties agree as to the material facts, but disagree on the law; accordingly, summary judgment is an appropriate means of resolving this case.
1.Exhaustion of Administrative Remedies
The City argues that O’Neill is not entitled to declaratory and injunctive relief because he has failed to exhaust administrative remedies by seeking relief from the Department of Personnel Administration and/or the Civil Service Commission. The City has failed, however, to identify any administrative remedies that would be available to O’Neill under these circumstances. The City cites G.L.c. 31, §§5 and 39. These sections give the Department of Personnel Administration certain powers with respect to administration of the civil service system, but nothing in either of them appears to create any right of appeal to the DPA from an appointing authority’s denial of reinstatement to an employee on disability retirement. Nor does anything in G.L.c. 32, §8(2) create any mechanism for administrative appeal from an appointing authority’s denial of reinstatement. In the absence of any administrative remedy, no requirement of exhaustion exists.
2. Res Judicata
The City next argues that O’Neill’s claim is barred by res judicata, because he sought the same relief previously, and unsuccessfully, in the Plymouth County case. This argument fails because the cause of action presented in that case was not the same as the one asserted here. That case was filed and decided under the previous version of G.L.c. 32, §8, which gave the appointing authority discretion to disapprove reinstatement. Because reinstatement was not mandatory under the statute as it then existed, Judge Brady concluded that O’Neill was entitled only to the lesser relief of an order requiring that the appointing authority consider him for reinstatement and give reasons for its decision. Nothing in that judgment precludes O’Neill from bringing the present action to enforce his rights under the statute as now in effect.
3. G.L.c. 32, §8
O’Neill argues that G.L.c. 32, §8, as amended, imposes on the City a nondiscretionaiy duty to reinstate him after a regional medical panel has certified that he is no longer disabled. The City responds that the statute should be interpreted as retaining discretion in the appointing authority, because the interpretation O’Neill proposes would put the statute in conflict with Articles 6 and 7 of the Declaration of Rights of the Massachusetts Constitution, and because such an interpretation would require the City to place on its police force persons with a history of criminal conduct or other disqualifying behavior.
The same arguments were recently considered and resolved, contrary to the City’s position, in the case of White v. City of Boston, Suffolk Superior Court No. 95-6483-F, 7 Mass. L. Rptr. 232 (Fremont-Smith, J.) (July 22, 1997). Based on the plain language of the statute, Judge Fremont-Smith construed it as “intended to remove the commissioner’s discretion in *372 reinstating retired members.” After careful analysis of the same cases the City relies on here, he concluded that that interpretation creates no constitutional defect, in that it “does not give an absolute or automatic preference to one class of officers over another.” Rather, the statute as so construed requires reinstatement of a person who “has already been initially hired after being reviewed and found to be qualified, and is to be reappointed only after the Board’s medical panel has certified based upon further examination that he is no longer disabled.” For the same reasons expressed by Judge Fremont-Smith, this Court concludes that G.L.c. 32, §8, imposes on the appointing authority a nondiscretionary duty to reinstate a person in O’Neill’s position, once the medical panel has found him fit for service, and that the statute as so construed does not conflict with Amendments Articles six and seven.
The City’s public policy concern merits serious consideration. Under the statute as amended, the City may have to reinstate to its police force persons who have been convicted of serious crimes, or who have engaged in other misconduct, during a period of disability retirement, that is clearly inconsistent with the high standard of character required of police officers. The concern, however, is properly addressed to the legislature, not to this Court. Moreover, no obstacle appears to the City’s initiating termination proceedings, or other disciplinary action, against O’Neill or any other officer similarly situated, promptly after reinstatement, based on conduct during the period of disability retirement.[5]
4. G.L.c. 31, §39
Healy further argues that G.L.c. 32, §8 must be read in conjunction with G.L.c. 31, §39 which, states in relevant part:
If a permanent employee who has become separated from his position because of disability shall be subsequently capable of employment as determined pursuant to Section eight of chapter 32 by the retirement board . . . such employee shall be placed in a position in the same or similar title in the department from which he was separated or any other department prior to the appointment from any civil service list; provided, however, that in the event that such placement of such employee occurs after a period of time greater than five years from the date of such separation or results in such employee occupying a position in a different title from the title of the position from which he was separated, such placement right shall be subject to the completion by such employee of a retraining program established by the appointing authority, and approved by the personnel administrator.
Healy points out that O’Neill has yet to complete any retraining program, and argues on that basis that the action is not ripe.
The cited provision empowers the appointing authority to condition reinstatement of an employee who has been retired for more than five years on completion of a retraining program. Thus, it provides the appointing authority some discretion after the retired employee has been reinstated; the appointing authority may then decide whether to require retraining or not. It does, not however, grant any discretion as to reinstatement, which under G.L.c. 32, §8 is mandatory. Having refused to perform that nondiscretionary duty, Healy has deprived O’Neill of the opportunity to begin, let alone complete any retraining program. Therefore, O’Neill’s claim, insofar as it seeks an order requiring his reinstatement, is ripe and is properly before the Court. Upon O’Neill’s reinstatement, the City may, if it chooses, require him to complete a retraining program, as provided by §39.
ORDER
For the above stated reasons, it is hereby ORDERED that the motion for summary judgment of Robert Healy, as he is the City Manager of the City of Cambridge and the Appointing Authority for the Cambridge Police Department, is DENIED. It is further ORDERED that the plaintiff Robert O’Neill, Jr.’s motion for summary judgment is ALLOWED.

 As then in effect, that statute required “approval of the head of any department in which a vacancy exists ..." before reinstatement of an employee who had been placed on disability retirement but later found to be no longer disabled.

 The summary of the facts up to this date, set forth above, is drawn primarily from the findings of fact entered by Judge Brady in that case.

 The Commissioner’s letter indicates that this charge was “the subject of an accord and satisfaction.”

 As amended, G.L.c. 32, §8(2), entitled “Restoration to service in same governmental unit” states, in pertinent part:
(a) If, after two years of the date that a member is retired under Section six or seven, the regional medical panel determines that the retired member is qualified for and able to perform the essential duties of the position from which he retired or a similar position within the same department, as determined by the personnel administrator, said member shall be returned to said position, provided the position is vacant. If the position has been filled, the member shall be granted a preference for the next available position or similar position for which he is so qualified.

 At argument on the present motions, O’Neill took the position that the City would be free to discipline him for conduct during that period immediately after reinstatement. The City took no position on that issue. No issue is before the Court as to whether such discipline, for conduct occurring at a time when O’Neill was not on the police force, would be consistent with the Civil Service law, with any applicable regulations or standards of the DP A, or with any applicable collective bargaining agreement.