Burnes, J.
This case came before the court for a status hearing on March 7, 2001. On August 8, 1997, the plaintiff, Robert O’Neill, Jr. (O’Neill), filed a complaint seeking reinstatement to his position as a police officer with the City of Cambridge Police Department. This court granted summary judgment in O’Neill’s favor, but subsequently stayed execution of the order “pending further order of this court or the appellate court.” 7 Mass. L. Rptr. 370 (Fábricant, J.). On October 16, 1998, the Supreme Judicial Court affirmed this court’s order of summary judgment in favor of O’Neill. Since the Supreme Judicial Court’s ruling, the case has remained on active status on the Middlesex Superior Court docket. The court, therefore, scheduled a status hearing to resolve any outstanding issues and dispose of the case.
O’Neill now contends that he is entitled to a trial to determine the amount of damages to which he is entitled on the grounds that his reinstatement became effective in November of 1996 when he submitted his application.
The defendant, Robert Healy, in his capacity as City Manager of the City of Cambridge and the Appointing Authority for the City of Cambridge Police Department, contends that there is nothing further for this court to decide because he has complied with all court orders in this case.
After a hearing, and for the reasons set forth below, the court finds that the defendant has fully complied with all previously issued orders in the case. Accordingly, the plaintiffs suit against the defendants are hereby dismissed.

*150
FACTUAL AND PROCEDURAL BACKGROUND

Robert O’Neill Jr. was appointed to the City of Cambridge Police Department on November 1, 1965. In 1972, while on duty, O’Neill was injured in an automobile accident. As a result of injuries he sustained in the accident, O’Neill was awarded accidental disability retirement benefits on June 24, 1972.
In 1996, legislative amendments to G.L.c. 32, §8(2) effectively removed all discretion previously afforded to appointing authorities in deciding whether to reinstate retired personnel to active status. See G.L.c. 32, §8; White v. City of Boston, 428 Mass. 250, 253-54 (1998) (noting replacement of discretionary language in statute with mandatory language). The 1996 amendments required appointing authorities to reinstate civil service employees receiving medical disability retirement benefits, including police officers, who passed a medical examination and sought reinstatement. See id.
On November 30, 1996, O’Neill petitioned the Cambridge Retirement Board for reinstatement to his position on the Cambridge Police Department. While O’Neill had unsuccessfully sought reinstatement in the past,[2] his November 30, 1996 application was the first he had filed since the legislative amendments to G.L.c. 32, §8 were enacted (“post-enactment application”). Pursuant to the statute, O’Neill was examined by a regional medical panel on January 31, 1997 and certified as fit to return for active duty on March 4, 1997. The Cambridge Retirement Board notified the City of Cambridge Police Department of its determination that O’Neill “shall be returned to said position, provided the position is vacant” and requested that Healy inform it “at your earliest convenience, whether a vacancy in the same or similar position in the department exists.”
On March 7, 1997, O’Neill petitioned the Cambridge Police Department for reinstatement to active status. According to O’Neill, positions were available for police patrolmen on the date he applied for reinstatement. Healy, nevertheless denied his post-enactment reinstatement application on March 25, 1997.
On April 8, 1997, O’Neill filed the present action seeking injunctive and declaratory relief reinstating him to his position on the City of Cambridge Police Department. On August 5, 1997, the court allowed O’Neill’s motion for summary judgment seeking reinstatement. 7 Mass. L. Rptr. 370 (Fabricant, J.). While Justice Fabricant did not expressly specify an effective date for O’Neill’s reinstatement in her opinion, she held that O’Neill, having passed the mandatoiy medical exam, was entitled to reinstatement under the clear language of G.L.c. 32, §8, as amended, which requires immediate reinstatement if the position is vacant, or, if the position has been filled, preference for “the next available position or similar position for which he is so qualified.” G.L.c. 32, §8(2). However, on September 2, 1997, the court allowed the defendant’s motion to stay the summary judgment order “pending further order of this court or the appellate court.” At the time the stay was imposed, the defendant had not taken any action to comply with the summary judgment order and there is no evidence that a position was available during the approximately month long interim period.
On October 16, 1998, the Supreme Judicial Court affirmed Judge Fabricant’s summary judgment order in favor of O'Neill. This appellate action effectively removed the stay of Judge Fabricant’s order, thereby requiring the defendant to reinstate O’Neill upon the next available position. In compliance with the Supreme Judicial Court decision and the newly affirmed summary judgment order, the defendant reinstated O’Neill to active status on the police department on November3, 1998. On November 17, 1998, the defendant brought disciplinary charges against O’Neill stemming from his conduct while on disability retirement and, on December 19, 1998, discharged him from his position. O’Neill appealed his discharge to the Civil Service Commission which affirmed the City’s discharge.

DISCUSSION

Notwithstanding the defendant’s decision to discharge him and the Civil Service Commission’s affirmation of that decision, O’Neill now contends that he is entitled to back-pay, overtime and detail earnings from March 7, 1997, the date of his first post-enactment application for reinstatement, to November 3, 1998, when he was reinstated to his position with the City of Cambridge Police Department. In support of his contention, O’Neill argues that the Supreme Judicial Court holding in White v. City of Boston, 428 Mass. 250 (1998), in which the plaintiff was reinstated effective on the date of his first post-enactment application, is also applicable to his claims thus entitling him to recovery for back-pay, overtime and detail earnings. Alternatively, O’Neill contends that he is entitled to recover economic losses from September 24, 1997, the date of Judge Fabricant’s summary judgment order, to November 3, 1998.
The plaintiffs reliance on the Supreme Judicial Court’s decision in White is misplaced for two reasons. First, the issue before the Court was retroactive application of G.L.c. 32, §8(2), not whether all civil service employees are entitled to reinstatement under the statute effective as of their post-enactment application. Thus, the White Court’s holding that the plaintiff was entitled to reinstatement to active status effective on the date of his first post-enactment application is not broadly applicable to all retired personnel seeking reinstatement under the statute. Secondly, such an interpretation would be inconsistent with the plain language of G.L c. 32, §8(2), which states that civil service employees who pass a medical exam “shall be returned to [his former] position, provided the position is vacant. If the position has been filled, the [employee] *151 shall be granted a preference for the next available position or similar position for which he is so qualified.” Nothing in the language of the statute requires an employee’s reinstatement to become effective on the date of the first post-enactment application.
In this case, Judge Fabricant stayed her summary judgment order directing the defendant to comply with the provisions of G.L.c. 32, §8(2) until further order of this court or further appellate review. O’Neill has not submitted any evidence that a position to which he was entitled became available during the interim period between the summary judgment order in his favor and the subsequent stay of that order. The defendant complied with Judge Fabricant’s summary judgment order which became effective upon the issuance of the Supreme Judicial Court decision removing the stay order. Specifically, the defendant hired the plaintiff for the next available position on the Police Department in accordance with the statutory mandate of G.L.c. 32, §8(2). Accordingly, O’Neill’s contention that he is entitled to recover for economic losses incurred prior to his reinstatement on November 3, 1998 is without merit and the defendant’s contention that it is in compliance with all applicable orders issued in this case is correct.
Even if this court determined that thejiefendant is not correct as to its interpretation of the order, the plaintiff has sat on his rights and is now barred from pursuing any additional relief. If the plaintiff had a problem with the final judgment in the case, he should have moved to alter or amend the court order Mass.R.Civ.P. 59(e) within 10 days of the Supreme Judicial Court decision removing the stay order. Alternatively, the plaintiff could have sought relief from judgment within a reasonable time under Mass.R.Civ.P. 60(b).[3] Since the plaintiff chose to do neither, he is now precluded from seeking further relief in this matter.

ORDER

For the foregoing reasons, it is hereby ORDERED that the plaintiffs case be DISMISSED.

 O’Neill had unsuccessfully sought reinstatement in 1989 and 1992 and had filed suit in Plymouth Superior Court in 1993 seeking to compel action. Justice Brady ordered the City of Cambridge to consider reinstating O’Neill for the next available vacancy. Acting on Justice Brady’s order, the City of Cambridge considered and denied O’Neill’s application for reinstatement citing multiple criminal charges filed against O’Neill while he was receiving disability retirement benefits as well as material omissions in his responses to questions regarding his arrest record and a restraining order filed against him.

 If the plaintiff sought relief from judgment pursuant to Mass.R.Civ.P. 60(b)(l)-(3),he was required to do so within one year from the date of final judgment in the case.