JAMES BELHUMEUR & others[1] vs. LABOR RELATIONS
COMMISSION & others, interveners.[2]

Suffolk. September 5, 1991. - November 4, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Labor*, Union agency fee. *Constitutional Law*, Labor, Union.

Certain nonunion members represented by unions for collective bargaining
purposes, who were obliged to pay their unions' agency service fees,
were not entitled under the First Amendment to the Federal Constitu-
tion to an independent audit certifying to the correctness of the alloca-
tion of chargeable and nonchargeable expenses, on the basis of which
each union determined the agency service fee it charged. [144-146]

This court declined to consider the contention of certain nonunion mem-
bers represented by unions for collective bargaining purposes, who were
obliged to pay their unions' agency service fees, that the Constitution of
the Commonwealth required an independent audit of the unions' ex-
pense allocations, on the basis of which each union determined the
agency service fee it charged, where the nonunion members failed to
identify any State constitutional right infringed by the absence of an
independent audit of the sort they sought that could not be adequately
protected in some other way. [146-148]

APPEAL from a decision of the Labor Relations Com-
mission.

---

[1]Each of the ten plaintiffs teaches in a public school in the
Commonwealth or at the University of Massachusetts, is represented by a
union for collective bargaining purposes, but has not become a union
member. The challenges were consolidated for investigation by the Labor
Relations Commission.

[2]Springfield Education Association and similar associations in the
municipalities of Arlington, Bridgewater, Chicopee, Fairhaven, New
Bedford, Wareham, Woburn and Worcester and the Massachusetts
Society of Professors/Faculty Staff Union. Each of these interveners is
affiliated with the National Education Association and the Massachusetts
Teachers Association, each of which is also an intervener. Expenses of
these latter associations are reflected in the agency service fees in dispute
in this case.

The Supreme Judicial Court granted a request for direct appellate review.

*Glenn M. Taubman* of Virginia (*Deidre Rosenberg* with him) for the plaintiffs.

*Jean Strauten Driscoll* for Labor Relations Commission.

*Margery E. Williams* for Massachusetts Teachers Association & others, interveners, submitted a brief.

*Michael D. Simpson* of the District of Columbia, for National Education Association, intervener, submitted a brief.

WILKINS, J. The plaintiff teachers have challenged the amount and validity of the agency service fees charged to them by the unions that represent them for collective bargaining purposes. This appeal relates to one aspect of that challenge. We allowed the plaintiffs' petition for direct appellate review.

Each plaintiff argues, as a nonunion member obliged to pay a "service fee" (G. L. c. 150E, § 12 [1990 ed.]), that his or her First Amendment rights have been violated because no independent auditor has certified to the correctness of the allocation of chargeable and nonchargeable expenses, on the basis of which each union determined the agency service fee it charged. The plaintiffs contend that a report of such an independent audit must be delivered to them with the union's demand for payment of an agency service fee. They rely on what the Supreme Court said in *Chicago Teachers Union, Local No. 1* v. *Hudson*, 475 U.S. 292 (1986), particularly in footnote 18 of that opinion. They also assert that State constitutional principles support their claim. None of the intervener unions obtained independent audits of their determinations of which expenses were chargeable and nonchargeable. For the purposes of this appeal, we may assume that the unions otherwise provided adequate information to their agency service fee payers.

We affirm the commission's determination to dismiss the plaintiffs' charges and not to issue complaints on them insofar as those charges are based on the absence of an independently audited verification of a union's separation of chargeable from nonchargeable expenses.

1. We turn first to the plaintiffs' claim that their First Amendment rights entitle them to an independent audit verification of the union's determination of the expenses that are chargeable to them as agency service fee payers. That position has been rejected in every Federal Circuit Court of Appeals that has passed on it. See *Andrews* v. *Education Ass'n of Cheshire*, 829 F.2d 335, 340 (2d Cir. 1987); *Dashiell* v. *Montgomery County*, 925 F.2d 750, 754-757 (4th Cir. 1991); *Gwirtz* v. *Ohio Educ. Ass'n*, 887 F.2d 678, 680 (6th Cir. 1989), cert. denied, 494 U.S. 1080 (1990); *Ping* v. *National Educ. Ass'n*, 870 F.2d 1369, 1374 (7th Cir. 1989).[3] See also *Antry* v. *Illinois Educ. Labor Relations Bd.*, 195 Ill. App. 3d 221, 243 (1990); *Kuehn* v. *American Fed'n of State, County & Mun. Employees, Council No. 65*, 435 N.W.2d 130, 135 (Minn. Ct. App.), cert. denied, 493 U.S. 849 (1989).

Each Court of Appeals opinion appears to give weight to the fact that, under the auditing process advocated by the challenging agency service fee payers, auditors would be rendering legal opinions as to the propriety of a union's allocation of certain expenses to the chargeable and nonchargeable categories. See *Andrews, supra* at 340; *Dashiell, supra* at 756; *Gwirtz, supra* at 682 n.3; *Ping, supra* at 1374. This reason for rejecting a constitutional challenge to the absence of an audited verification of the allocation of chargeable and nonchargeable expenses is not dispositive of the issue. Pursuant to proper guidelines founded on established legal consid-

---

[3]Two United States District Courts have reached a contrary conclusion. See *Mitchell* v. *Los Angeles Unified Sch. Dist.*, 744 F. Supp. 938, 940-941 (C.D. Cal. 1990); *Hohe* v. *Casey*, 727 F. Supp. 163, 167 (M.D. Pa. 1989). The *Mitchell* opinion did not acknowledge the contrary views stated in the three previously released Circuit Court of Appeals opinions cited above. In an earlier opinion in the same case, the judge had misread the *Gwirtz* case to state that there the union had presented an audited breakdown between chargeable and nonchargeable expenses. See *Mitchell* v. *Los Angeles Unified Sch. Dist.*, 739 F. Supp. 511, 515 (C.D. Cal. 1990). The *Hohe* court concluded that, in requiring a verification by an independent auditor, the Supreme Court must have meant verification of a union's breakdown between chargeable and nonchargeable expenses. *Hohe* v. *Casey, supra.*

erations, an auditor could probably do a satisfactory job of properly separating chargeable from nonchargeable expenses. If that were done, agency service fee payers would be more apt to accept a union's expense allocations than in the absence of such an audit, and presumably fewer proceedings would be brought to resolve challenges to expense allocations. Even such a process, however, would not foreclose challenges to unions' classifications of expenses. These challenges to allocations would generally involve legal issues.

The crucial question is not, however, whether an independent audit would be a good idea, but rather whether the First Amendment rights of agency service fee payers can be protected only if a report of such an independent audit accompanies a union's demand for payment of an agency service fee. The language in *Chicago Teachers Union, Local No. 1* v. *Hudson*, 475 U.S. 292, 307 n.18 (1986), does not explicitly require such a practice.[4] The uncertain language of footnote 18 provides no guidance to the resolution of the issue before us.

If, as we think, the language of the *Hudson* opinion is inconclusive, the issue remains whether the First Amendment rights of agency service fee payers can be protected only if the union's chargeable and nonchargeable expense allocations are independently audited. An audit of major categories of expenses should tend to assure nonmembers that the union indeed did incur the expenses on which the agency fee was based. Certain audited categories will have expenses all of which are obviously chargeable. Perhaps others will have expenses that are equally clearly not chargeable. The audits conducted in this case meet the plaintiffs' demands as to

---

[4]Footnote 18 says in part that "adequate disclosure surely would include the major categories of expenses, as well as verification by an independent auditor." The requirement stated in that footnote of "verification by an independent auditor" does not tell us clearly what is to be verified. It seems to be merely verification of "the major categories of expenses," and, if so, that requirement does not aid the plaintiffs' argument for an independent audit separating chargeable and nonchargeable expenses within categories of expenses.

those two classes of categories. The focus of dispute is on those categories in which some expenses are chargeable and some are not.

An independent audit of a union's allocation of expenses in these mixed categories is not required in order to protect the plaintiffs' First Amendment rights. The information that the union must provide under the *Hudson* opinion is not intended to be dispositive of any dispute. That information is designed only to permit an agency fee payer to decide whether to oblige the union to prove before an independent fact finder that the agency fee charged was properly determined. Information from an audit of chargeable and nonchargeable expenses might be helpful in making that decision, but it would not be conclusive, and in our judgment is not necessary to provide the First Amendment protections considered in the *Hudson* case.

The major threatened First Amendment impropriety that the Supreme Court has identified is the use of agency service fee payers' funds to support political candidates and legislative lobbying or to subsidize other political union activities, outside the union's duties as exclusive bargaining agent. See *Lehnert* v. *Ferris Faculty Ass'n*, 111 S. Ct. 1950, 1960-1961 (1991); *Abood* v. *Detroit Bd. of Educ.*, 431 U.S. 209, 234 (1977). The infringement that an agency shop makes on nonunion employees' constitutional rights requires that carefully crafted procedures be developed to minimize that infringement and to give an individual "a fair opportunity to identify the impact of the governmental action on his interests and to assert a meritorious First Amendment claim." *Chicago Teachers Union, Local No. 1* v. *Hudson*, 475 U.S. 292, 303 (1986). Because the disputed portion of an agency service fee is not paid to the union until the challenge is resolved, there is no way by which the union can use a protestor's funds for impermissible purposes.

2. The plaintiffs argue that the Constitution of the Commonwealth requires an independent audit of a union's expense allocations. This argument is presented in less than two

pages of their brief.[5] Our previous opinions in this general area have not been based on State, as opposed to Federal, constitutional principles. See *Harrison* v. *Massachusetts Soc'y of Professors/Faculty Staff Union*, 405 Mass. 56 (1989); *Lyons* v. *Labor Relations Comm'n*, 397 Mass. 498, 503 (1986); *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n*, 385 Mass. 70 (1982).

The plaintiffs have made no reasoned argument that this court should recognize a State constitutional right to an independent audit of a union's chargeable and nonchargeable expenses. They do not argue that the use of accounts to hold contested amounts in escrow while the dispute is being resolved is unconstitutional under the State Constitution. They do not claim that the procedure established by the Labor Relations Commission to resolve disputes over the calculation of agency service fees is unconstitutional because of the financial burden placed on a successful challenger to a union's expense allocation determination. In short, the plaintiffs presume, without discussion, that the State Constitution fully and exactly requires the processes that have been adopted in response to Federal constitutional principles and that one additional element is required by the State Constitution.

We reject a State constitutional argument that does not stand on a State constitutional foundation. We are unreceptive to an unexplicated argument that a State constitutional requirement should be grafted onto a process that has been formulated exclusively in response to Federal constitutional requirements. Here the plaintiffs have not identified a State constitutional right infringed by the absence of an independent audit of the sort they want that could not be adequately protected in some other way. We do not find in their abbreviated, facial challenge to the absence of an independent audit

---

[5]The plaintiffs state that the union's governmentally granted power to seize agency fees is limited by arts. 1, 10-12 (due process), arts. 6 and 7 (no special privileges), and art. 16 (free speech) of the Declaration of Rights. They cite certain opinions in which we have acknowledged the existence or possibility of different results under the Constitution of the Commonwealth from those under the Constitution of the United States.

an argument that calls for a decision of this court on their State constitutional claim.

3. We affirm the decision of the Labor Relations Commission dismissing the plaintiffs' claim that each union's explanation of the basis for its agency service fee violated the plaintiffs' constitutional rights because the union's breakdown of expenses was not verified by an independent audit.

*So ordered.*