Donohue, J.
Plaintiff, Phillip J. Curtis (“Curtis”), has brought the present action against the City of Fitchburg (“the City”) because of the City’s failure to reinstate Curtis to the Fitchburg Fire Department. Curtis now moves for partial summary judgment on the ground that, after a regional medical panel determined he was no longer disabled, the City failed to reinstate him as a firefighter in violation of G.L.c. 32, §8, as amended in 1996.[1] The City opposes the motion and files its own cross-motion for summary judgment claiming that (1) G.L.c. 32, §8 is unconstitutional if the Court finds that it unconditionally requires the reinstatement of former disability retirees; (2) Curtis failed to exhaust administrative remedies; (3) G.L.c. 31, §39 precludes Curtis’s reinstatement; and (4) Curtis failed to join indispensable parties. For the reasons set forth below, Curtis’s motion for partial summary judgment and the City’s cross-motion for summary judgment are denied.
BACKGROUND
The following facts are undisputed. In 1969, the City appointed Curtis to the Fitchburg Fire Department as a firefighter. Curtis worked in that capácity until November 9, 1990, when a regional medical panel (“medical pane)”) selected by the Division of Public Employee Retirement Administration (“PERAC”) diagnosed him with alcoholism and dependent personality disorder and granted him disability retirement benefits.
In March of 1996, Curtis applied to the Fitchburg Retirement Board (“Board”) for reinstatement as a firefighter with the City. Approximately one month later, he received a notice from PERAC informing him that, at the request of the Board, it had appointed a medical panel to evaluate his medical condition as it related to his disability retirement. The panel was to conduct an examination as required by G.L.c. 32, §8(1). The notice further stated that Curtis’s failure to appear at the scheduled exam could result in the discontinuation of his disability retirement.
After the medical panel examined Curtis on May 13, 1997, it concluded that his alcohol abuse was in remission and that “his condition has changed so that he is able to return to a position which is similar to the position from which he retired.” (Plaintiffs Exhibit “E.’j The medical panel forwarded these findings to the Board. Later that month, the Board voted to accept the medical panel’s recommendation and, in accordance with G.L.c. 32, §8, approved Curtis’s reinstatement to the Fitchburg Fire Department.
In June of 1997, Curtis sent a certified letter to the Fitchburg Cily Council detailing his situation and demanding reinstatement to the next available and ap *513 propriate position. One month later, the Fitchburg City Council, upon the recommendation of the City’s mayor, appointed four recruits from the civil service list to fill four vacancies in the Fitchburg Fire Department. According to Curtis, one of these vacancies was the same position that Curtis held prior to his disability retirement. Curtis was not reinstated. He subsequently filed a complaint against the City on February 2, 1998.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the moving party does not have the burden of proof at trial, the movant may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion . . .” Pederson, 404 Mass. at 17.
Curtis contends that G.L.c. 32, §(8)(2) requires his reinstatement and that the City’s failure to do so entitles him to partial summary judgment. G.L.c. 32, §8(2), sets forth the process for the evaluation and reexamination of members of certain retirement systems retired due to disability as well as their restoration to service in the same governmental unit. Prior to its amendment, §8(2) read, in relevant part:
If as a result of the report of such regional medical panel, the board finds the mental or physical condition of such retired member has so changed that he is physically able to return to the same or a similar position, the board may, with the approval of the head of any department in which a vacancy exists, order any such retired member to return and be restored to active service . . . (Emphasis added.)
The Legislature changed the standard by which the medical panel evaluated disability retirees. 1996 Mass. Acts 306 (“Chapter 306”). Chapter 306 changed the law to read:
If, after two years of the date that a member is retired under Section six or seven, the regional medical panel determines that the retired member is qualified for and able to perform the essential duties of the position from which he retired or a similar position within the same department, as determined by the personnel administrator, said member shall be returned to said position, provided the position is vacant. If the position has been filled, the member shall be granted a preference for the next available position or similar position for which he is so qualified. (Emphasis added.)
Chapter 306 altered the standard by which medical panels evaluate disability retirees from “physically able to return to work” to “able to perform the essential duties of the position from which he retired.” The standard contained in Chapter 306 explicitly requires the medical panel to conclude, after its examination of a disability retiree, that not only is said retiree no longer disabled, but also that the retiree can actually execute the required functions of the job he or she held prior to their disability.
The panel that examined Curtis on May 17, 1997 failed to use the Chapter 306 standard, which was in effect at least six months prior to the exam and which required a finding that he could “perform the essential duties” of a firefighter. Instead, the panel used the previous statutory standard and concluded that “his condition has changed so that he is able to return to the same position from which he is retired.” (Plaintiffs Exhibit “F.”) Although the medical panel found that Curtis was no longer disabled, it failed to incorporate in its evaluation of Curtis a consideration of whether he could still “perform the required duties of’ a firefighter required by Chapter 306. Therefore, the panel’s conclusion is invalid as it is incomplete under the amended version of §8(2).
Curtis in support of his argument for reinstatement, cites the recent Superior Court decision of White v. City of Boston, Civil No. 6483-F, 7 Mass. L. Rftr. 232 (Suffolk Super.Ct.) (July 22, 1997), and the Supreme Judicial Court decision upholding that Superior Court case. White v. City of Boston, 428 Mass. 250 (1998). In White, the plaintiff, Edward White, served as a Boston Police Officer until he was injured on duty in a car accident and subsequently granted disability retirement in 1980. White 428 Mass. at 251. Although the Boston retirement board determined that White was no longer disabled, the City of Boston refused to reinstate White citing problems discovered during a background check. Id. White is distinguishable from the instant matter because the live issue in White was whether the Legislature, through Chapter 306, had removed the department head’s discretion to reinstate a disability retiree that a medical panel determined to be able to return to work. Id. at 253. White’s physical condition and the standard used by the medical panel was not at issue. Therefore, White is inapplicable to the issue involved in the instant matter.
Upon reinstatement, Curtis will likely have to perform physically strenuous tasks required of a firefighter which, if he cannot fulfill, may jeopardize his life as well *514 as the lives of his colleagues and the public. The plain language of §8(2), as amended, requires that the medical panel conclude that a disability retiree can perform the essential duties of the position from which he retired as a prerequisite to the retiree’s reinstatement. “We need not look beyond the words of the statute where the language is plain and unambiguous.” Wright v. Collector and Treasurer of Arlington, 422 Mass. 455, 457 (1996). Thus, the medical panel’s failure to make the required finding under the statute precludes Curtis’s motion for partial summary judgment.[2]
II.Constitutionality of Statute
The City claims, in its cross-motion for summary judgment, that G.L.c. 32, §8(2) is unconstitutional if the Court finds that it strips the City of all discretion in deciding whether to reinstate Curtis. The City argues that an absolute and automatic preference in favor of disability retirees results if the Court finds that the City has no discretion to consider “the officer’s suitability, moral integrity, character and fitness to perform the job” thus violating arts. 6 and 7 of the Massachusetts Declaration of Rights. Despite the City’s argument, §8(2), as amended by Chapter 306, removes all such discretion. See O'Neill v. City Manager of Cambridge, 428 Mass. 257, 259 (1998) (no discretion even if disturbing allegations exist regarding improprieties committed by a former disability retiree eligible for reinstatement). To continue to find discretion implicit in the appointing authority after the Legislature’s amendment of G.L.c. 32, §8 would thwart the Legislature’s clear intent to remove all discretion of the appointing authority in reappointing retirees. White, 428 Mass. at 254.
Moreover, the Supreme Judicial Court, in White v. City of Boston, ruled that G.L.c. 32, §8 is constitutional, and that §8 does not “bestow an automatic preference on a group.” The Supreme Judicial Court further elaborated that ”[c]ase-by-case evaluations are conducted of each individual employee. The retirement board will order reinstatement only after the medical panel evaluates the employee and concludes that the employee is qualified to serve in the same or similar position.” Id.
Accordingly, as G.L.c. 32, §8 is found to be constitutional, summary judgment on this ground will not be allowed.
III.G.L.c. 31, §39
The City further alleges that G.L.c. 32, §8(2) should be read together with G.L.c. 31, §39 thus, requiring Curtis to complete a retraining program prior to his reinstatement.[3]
G.L.c. 32, Sec. 8(2), and G.L.c. 31, Sec. 39, must be construed together. Milton v. Personnel Admin. of D.P.A., 406 Mass. 818, 824-25 (1990). Both statutes “pertain to the restoration to active service of tenured civil service employees who have been retired for disability.” Id., at 822. Chapter 31, §39 cites the fulfillment of the provisions of Chapter 32, §8(2) as a prerequisite for triggering its provisions.
This Court, as discussed, supra, has found that the Board accepted an invalid medical panel review and thus, Curtis failed to satisfy the requirements of §8(2). As the provisions of §8(2) have not been fulfilled, G.L.c. 31, §39 is not triggered. Therefore, the City’s claim is not ripe for decision and summary judgment on this issue is not appropriate. See Labonte v. Giordano, 426 Mass. 319 (1997) (refusing to consider tortious interference with expectancy of receiving legacy until essential element of tort, donor’s death, occurred).
IV.Administrative remedies
The City also claims in its cross-motion that Curtis failed to exhaust administrative remedies pursuant to the provisions of G.L.c. 31, §§5, 39, 69, 72 & 73 and G.L.c. 32, §8(2), as amended. Although “administrative remedies should be exhausted before resort to the courts, . . . exhaustion cannot be required where no administrative remedy exists.” O’Neill v. City Manager of Cambridge, 428 Mass. 257, 260 (1998). Chapters 31, §§5 & 39, and 32 §8(2), afford no right to an administrative appeal. Id.
Furthermore, G.L.c. 31, §6, providing for reporting procedures of appointment or employment by an appointing authority, G.L.c. 31, §72, detailing the investigatory powers of the Civil Service Commission or- the administrator of the department of Personnel Administration and G.L.c. 31, §73, regarding appointments in violation of civil service laws, fail to provide Curtis an administrative remedy in this case. Moreover, although G.L.c. 31, §2(b) provides for the Civil Service Commission to hear and decide appeals by a person aggrieved by any decision, action, or failure to act by the administrator (of the Department of Personnel Administration), the City fails to submit any statute requiring said administrator to compel Curtis's reinstatement.
Accordingly, since no statutory right of appeal exists regarding this matter, this Court may consider Curtis’s claims.
V.Joinder of Indispensable Parties
The City argues that Curtis’s failure to join the four firefighters appointed to the Fitchburg Fire Department in June 1997 is fatal to his claim. A person must be joined if they have an interest relating to the subject of the action and the absence of said person would result in the impediment or impairment of the person’s protection of that interest. See Mass.R.Civ.P. 19(a)(2), 365 Mass. 765 (1974). In his complaint, Curtis asks the Court to annul the appointment of the four firefighters hired by the City in June 1997. However, this request is not exclusive. Curtis proposes a variety of other remedies including back-pay and compensatory damages. As there exists an adequate remedy at law, and the Court may order the firefighters be made party to the suit under Mass.R.Civ.P. 19(a), summary judgment on this issue is not appropriate.
*515 ORDER
For the foregoing reasons, Curtis’s motion for partial summary judgment is DENIED and the City’s cross-motion for summary judgment is DENIED. Furthermore, this matter is remanded to the Division of Public Employee Retirement Administration which shall assemble a regional medical panel to determine Curtis’s eligibility for reinstatement using the standard of review provided in Chapter 306.

In his complaint, Curtis also petitioned for declaratory, equitable and injunctive relief, requesting that he be given a preference for any anticipated vacancies in the Fitchburg Fire Department, the annulment of appointments made to the Department in his stead, and his reinstatement by order of the Court as a firefighter to the first available vacancy. Furthermore, Curtis claimed age and disability discrimination. Curtis did not move for summary judgment on these claims.

As Curtis has not been found capable of employment pursuant to §8(2), the Court need not discuss Curtis’s contention that §8(2), read in conjunction with G.L.c. 31, §39, requires mandatory reinstatement once a medical panel deems him capable of employment. The Court also need not address the parties’ argument regarding the composition of the medical panel since, regardless of whether it was appropriate or not, the panel’s findings remain incomplete under §8(2).

G.L.c. 31, §39 provides in relevant part:
If a permanent employee who had become separated from his position because of disability shall be subsequently capable of employment as determined pursuant to Section eight of chapter thirty-two by the retirement board, as defined in Section one of chapter thirty-two, such employee shall be placed in a position in the same or similar title in the department from which he was separated or any other department prior to the appointment from any civil service list; provided, however, that in the event that such placement of such employee occurs after a period of time greater than five years from the date of such separation or results in such employee occupying a position in a different title from the title of the position from which he was separated, such placement right shall be subject to the completion by such employee of a retraining program established by the appointing authority, and approved by the personnel administrator.