Lauriat, J.
Edward Noonan (“Noonan”) brought this action in November 2001 for injunctive relief, compensatory and consequential damages against the City of Waltham (“Waltham”), Waltham Fire Chief Thomas Keough, and the Public Employee Retirement Administration Commission (“PERAC”), arising from the defendants’ allegedly improper failure or refusal to reinstate him to active duty as a firefighter in Waltham, Massachusetts.
Noonan has now moved for a preliminary mandatory injunction or, in the alternative, for summary judgment on his claims. PERAC has filed an opposition to Noonan’s request for an injunction and cross-moved for summary judgment. At a hearing on the parties’ motions, Noonan and PERAC focused their arguments on Noonan’s request that the court order PERAC to give him a reinstatement physical in accordance with G.L.c. 32, §8(l)(a). For the following reasons, Noonan’s request is allowed.
BACKGROUND
Noonan began working as a firefighter for Waltham in 1985. In 1992, he suffered a heart attack which led to his retirement from Waltham on an accidental disability pension. In August 1998, after several years of diet and exercise, Noonan requested a reinstatement physical from PERAC.
In the fall of 1999, Noonan took the PERAC reinstatement physical examination. Two of the three physicians administering the physical found Noonan still disabled and unable to return to work. Noonan did not appeal this medical decision.
In July of 2001, more than two years after his first reinstatement physical, and after competing in and completing the Boston Marathon, Noonan requested another physical from PERAC. By letter dated August 2, 2001, PERAC denied Noonan’s request. Noonan, similarly, did not appeal this denial. Rather, he filed the present action.
DISCUSSION
When assessing whether to grant or deny a preliminary injunction, the court must make a combined evaluation of the moving party’s likelihood of success on the merits, his claim of injury, and a balancing of competing harms to each party. Packaging Industries Group, Inc v. Cheney, 380 Mass. 609, 616 (1980). Additionally, in cases where the government acts to enforce a statute or make effective a declared policy of the legislature, the court must determine that the order promotes or, will not adversely effect the public interest. Commonwealth v. Mass. CRINC, 392 Mass. 79, 89 (1984).
General Laws c. 32, §8(1) (a) provides that reexaminations and evaluations “shall occur ... at any time upon the written request of any such member . . . provided . . . that such evaluations shall occur not more frequently than once in any twelve month period.” In the present case, Noonan will likely succeed in his claim for reexamination because he has complied with that statute. PERAC does not dispute that Noonan applied for and received an evaluation in the fall of 1999. Further, PERAC agrees that in July 2001, it denied Noonan’s subsequent request for a reevaluation exam. The statute mandates that reevaluations shall occur whenever a member makes a written request for one, so long as those evaluations do not occur within twelve months of one another. G.L.c. 32, §8(1)(a). Therefore, in compliance with the statutory mandate, PERAC must perform the reexamination and Noonan will likely succeed on that claim.
PERAC does not argue that Noonan is not entitled to the reevaluation, but rather asserts that G.L.c. 32, §16(4) requires that Noonan exhaust his administrative appeal prior to resorting to this court. G.L.c. 32, §16(4) provides that “any person when aggrieved by any action taken... by [PERAC] or by the failure of [PERAC] to act may appeal to thé contributory retirement board.” PERAC maintains that an injunction is not proper here because Noonan has failed to exhaust the administrative remedies provided for in the statute.
In general, exhaustion of remedies is required prior to resort to the courts. East Chop Tennis Club v. Massachusetts Commission Against Discrimination, 364 Mass. 444, 448 (1973). However, exhaustion is not required “where it proves futile or where only questions of law are presented to the court or where irreparable harm would result if judicial action were delayed by the implementation of the administrative process.” Stock v. Massachusetts Hospital School, 392 Mass. 205, 213 (1984). Here, exhaustion of the claim is not appropriate because there are no facts in dispute, and Noonan will suffer prejudice if forced to exhaust his administrative remedies.
The administrative process provided in G.L.c. 32, §16(4) requires a member to appeal an action or inaction of PERAC to the Contributory Retirement Appeal Board (“CRAB”). CRAB then has sixty days to present this claim to the Division of Administrative *423 Law Appeals (DALA). DALA must then schedule the claim for a hearing. After the hearing, DALA issues a decision which either party can appeal to CRAB. CRAB then has six months to issue a ruling on the appeal from the DALA decision. G.L.c. 32, §16(4).
Noonan has a statutory right to a reinstatement evaluation once in any twelve-month period. G.L.c. 32, §(l)(a). The administrative appeal process described above could, in and of itself, take more than twelve months. Noonan’s health status could change while he was exhausting the administrative process. Therefore, as Noonan has a statutory right to a reevaluation now, making him await the completion of the administrative process could prejudice his ability to pass his reevaluation physical examination at an uncertain date in the future.
Moreover, the present circumstances do not require expert fact finding. See Sullivan v. Town of Brookline, 50 Mass.App.Ct. 16, 20 (2000) (exhaustion of remedies not required where no factual dispute). In the present case, the facts presently at issue are simple and undisputed. Noonan took a reevaluation over two years ago and presently seeks another one, as is his right under G.L.c. 32, §8(1)(a).
Prejudice to PERAC, on the other hand, is more difficult to discern. The purpose of G.L.c. 32, §8 is to ensure that members, who are receiving disability pensions, are, in fact, disabled. See White v. City of Boston, 428 Mass. 250, 253 (1998). The statute mandates that PERAC periodically call these members in to assess their disability and determine whether or not they are fit to return to work. G.L.c. 32, §8(1)(a). The legislation may have been in response to media articles which profiled members profiting from careers in the private sector while simultaneously receiving disability pensions from the state. See White at 253. Therefore, as PERAC’S function under the statute is to ensure that fit persons are removed from the rolls of the disabled and returned to work, it can show no prejudice by making this determination now rather than waiting until the end of a potentially lengthy administrative process and appeal.
An injunction will also promote the public interest. As mentioned above, the underlying purpose of G.L.c. 32, §8 is to ensure fit individuals are removed from the state disability pension payroll. See White at 253. The taxpayers should not be paying a disability pension to a firefighter who is not disabled, while simultaneously paying another firefighter to protect their city in his place. Under such circumstances, the public is getting one firefighter for the price of two. The quicker a determination is made as to the fitness of the disabled firefighter, the quicker the public may be relieved of this unnecessary burden.
ORDER
For the foregoing reasons, Plaintiffs Motion for Preliminary and/or Permanent Injunction, or in the Alternative for Summary Judgment is ALLOWED, in that the Public Employee Retirement Administration Commission, shall, within thirty days of the entry of this Order, conduct a reinstatement physical of Edward Noonan pursuant to G.L.c. 32, §8.