Lauriat, J.
Edward Noonan (Noonan), a firefighter in the City of Waltham, brought this action against Waltham, Waltham Fire Chief Thomas Keough, and the Public Employee Retirement Administration Commission (PERAC), for allegedly discriminating against him on the basis of a disability under G.L.c. 15 IB, §4 (Count I) and G.L.c. 93, §103 (Count II), against Keough for tortious interference with business relations (Count III), against PERAC for retaliation in violation of G.L.c. 151B, §4 (Count IV), and against PERAC for a declaratory judgment under G.L.c. 231A and c. 32, §8(2) that he is fit for restoration as a Waltham Firefighter (Count V).
On February 20, 2004, this court (Hinkle, J.) granted summary judgment for the defendants on Counts I through IV, and stayed a decision on Count V. That decision ended Noonan’s claims against all of the defendants except PERAC. Thereafter, PERAC filed this Motion for Summary Judgment on Count V and Noonan filed his Cross-Motion for Summary Judgment on the same claim.

BACKGROUND

Noonan began working as a Waltham firefighter in 1985. In 1992 he suffered a heart attack, which led to his retirement from the Waltham Fire Department on an accidental disability pension. In August 1998, after several years of diet and exercise, Noonan requested a reinstatement physical from PERAC. In the fall of 1999, Noonan took the PERAC reinstatement physical examination. Two of the three physicians administering the physical found Noonan still disabled and unable to return to work. PERAC conveyed the medical panel’s findings to the Waltham Retirement Board which, in turn, notified Noonan in February of 2002 that he would not be reinstated. Based on those events, Noonan filed a disability discrimination claim in June of 2000 with the Massachusetts Commission Against Discrimination. During the pendency of that proceeding, Noonan was examined by another cardiologist, Joseph Kannam, M.D., who found him to be in excellent health and able to return to work as a firefighter.
Based on Dr. Kannam’s findings, which Noonan forwarded to PERAC in July of 2001, he requested another reinstatement physical. PERAC denied the request, informing him by letter that “(a]s your previous restoration to service process has not been closed because of your pending legal action, we are unable to schedule a new process to begin.” PERAC policy was to deny requests for subsequent restoration to service if a prior proceeding was outstanding or being litigated. Noonan then filed a retaliation claim with the MCAD based on those events. He requested removal of his claim from the MCAD, and filed this action. He also moved for injunctive relief, requesting that PERAC be ordered to convene a new medical panel. That motion was granted by the court (Lauriat, J.) on October 21, 2002 (15 Mass. L. Rptr. 422).
Once again, Noonan was examined by three cardiologists. This time, two of the three opined that he was fit to return to service. However, PERAC again determined that Noonan was unable to return to active duty. PERAC took the position that, under G.L.c. 32, §8, the medical panel must be unanimous before PERAC will permit reinstatement. On Noonan’s motion for preliminary injunction, the court (Lauriat, J.) ruled that Noonan had shown a substantial likelihood *164 of success on the merits of his claim that a majority, and not unanimity, in favor of reinstatement was the standard which PERAC and the medical panel must follow. Accordingly, on October 10, 2003, the court ordered PERAC to reinstate Noonan to full duty.
On February 10, 2004, the court (Hinkle, J.) awarded summary judgment in defendant’s favor on Counts I through IV, and stayed a decision regarding Count V “pending resolution of the unanimity issue by the Appeals Court.” CountV sought a declaration that under G.L.c. 32, §8, Noonan was fit for restoration to duty as a Waltham firefighter. The court’s stay of its decision recognized that Pulsone v. Public Employee Retirement Administration Commission (Nos. 02-P-1450, 03-P-8072), which was then pending in the Appeals Court, 60 Mass.App.Ct. 791 (2004), would likely resolve Count V. Pulsone v. Public Employee Retirement Administration Commission, 60 Mass.App.Ct. 791 (2004), upheld the validity of a regulation requiring that a regional medical panel make a unanimous finding of fitness before an accidental disability retiree who seeks to return to active duty is reinstated by PERAC. Id. at 797-98; 840 CMR 10.13(2)(b).
Following the Appeals Court’s decision in Pulsone, PERAC moved for entiy of summary judgment on CountV, and Noonan cross-moved for summary judgment in his favor on that count.

DISCUSSION

Summary judgment will be granted if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P 56(c).
I.
Noonan first contends that the opinions of the regional medical panel that examined him did not need to be unanimous in favor of his reinstatement. Specifically, he asserts that PERAC should still be required to order Noonan’s employer to return him to his former position if a majority of the regional medical panel voted in favor of his reinstatement. PERAC asserts that a unanimous medical panel is required for reinstatement. Both parties agree that Pulsone resolves this dispute in this forum.
Under the Appeals Court’s recent decision in Pulsone, the regional medical panel’s review of Noonan’s health is governed in part by 840 CMR 10.13(2)(b). 60 Mass.App.Ct. at 797-98. This regulation requires that the panel make a unanimous finding of fitness before PERAC will reinstate an accidental disability retiree to duty. This court, bound by Pulsone, concludes that PERAC correctly reported the findings of the medical panel, which were to deny reinstatement based upon Dr. Thomas’s opinion to Noonan’s employer, Chief Keough and the Waltham Fire Department. 840 CMR 10.13(2)(b); Pulsone, 60 Mass.App.Ct. at 797-98.
II. Standard Used by Dr. Thomas of the Regional Medical Panel
Noonan next asserts that the only doctor on the medical panel to opine against his reinstatement, Dr. Thomas, used an impermissible standard when judging Noonan’s ability to presently do his job as a firefighter.[1]
If an impermissible standard was used, the court can consider the opinion of Dr. Thomas a “nullity” and can either order a permanent injunction requiring that Noonan be restored to service, or remand the matter to PERAC to permit a doctor to evaluate Noonan using the proper standard. Ferraro v. CRAB, 57 Mass.App.Ct. 728, 730 and n.4 (2003).[2]
In his report, Dr. Thomas wrote that “... I would feel that [Noonan’s] cardiovascular fitness level is much higher than most other firefighters his age.” The doctor also expresses concerns about Noonan’s health, observing that “. . . his blood pressure is at least episodically extremely high,” and “. .. he continues to be at risk of coronary disease manifestation.” Dr. Thomas thereupon rendered the following opinion regarding Noonan’s ability to work as a firefighter:
I must, therefore, conclude that he continues to be at greater than average risk of recurrent myocardial infarction that could be precipitated by the sudden that vigorous activities required of a firefighter.
(Emphasis added.) Noonan argues that this standard is incorrect; that the phrase “greater than average risk” sets the standard impermissibly high for a former employee attempting to return to his former position. Noonan has cited several decisions of the Massachusetts Commission Against Discrimination (MCAD) which support his argument.
In Ryan v. Town of Lunenburg, 14 M.D.L.R. 1215, 1241 (1992), the MCAD considered what standard was to be used by regional medical panels when the risk of future injury of an applicant was at issue. In adopting a standard that had been approved by the United States Court of Appeals for the Ninth Circuit, it stated:
... in order to exclude someone from employment because of a risk of injury to themselves or to others, “there must be a showing of reasonable probability of substantial harm.” ... [A]n increased risk of injury, without more, is insufficient to justify rejecting an otherwise qualified applicant.
Ryan, 14 M.D.L.R. at 1241, quoting Mantolete v. Bolger, 767 F.2d 1416 (9th Cir 1985). See also Cochran v. Comm. of Mass. Dept of Correction, 17 M.D.L.R. 1364 (1995) (using “reasonable probability of substantial harm” standard); Martinez v. Resource Recovey Sys., 16 M.D.L.R. 1589 (1994) (same); Williams v. Town of Stoughton, 13 M.D.L.R. 1385 (1991) (same). The MCAD’s interpretation and application of standards *165 for the regional medical panel are both reasonable and in conformity with the agency’s statutory directive. Such opinions are therefore entitled to deference. See Cuddyer v. The Stop & Shop Supermarket Company, 434 Mass. 521, 534 (2001); G.L.c. 151B, §3(5).
Dr. Thomas’s opinion did not take into account a reasonable probability of substantial harm — it denied Noonan reinstatement simply because he had a “greater than average risk” for future injury. MCAD decisions show clearly that a mere increased risk of future injury is not sufficient to justify arefusal to hire. Inherent in a showing of “reasonable probability” is that it is more probable, or more likely than not, that Noonan would suffer some kind of cardiac injury if he was reinstated. Dr. Thomas’s opinion does not address this issue. The court concludes that as a matter of law, Dr. Thomas applied an incorrect standard under G.L.c. 32, §8(2) when he evaluated Noonan for reinstatement.
While Dr. Thomas used an incorrect standard in Noonan’s evaluation, he expressed valid reservations and concerns about Noonan’s health. In light of these concerns, the court declines to grant the declaratory relief sought by either party. Rather, Noonan must be reevaluated by a regional medical panel using the proper standard. The preliminary injunction entered by the court on October 18, 2004, shall remain in effect until a new decision is made by the regional medical panel and PERAC has notified the Waltham Fire Department of that decision.

ORDER

For the forgoing reasons, the Defendant Public Employee Retirement Commission (PERAC) Motion for Summary Judgment on the Sole Remaining Count V of the First Amended Complaint, for Declaratory Judgment is DENIED. The Plaintiffs Cross-Motion for Summary Judgment on Count V is also DENIED. This matter is remanded to PERAC for a new evaluation by a regional medical panel, consistent with this Order. The preliminary injunction entered by this Court on October 18, 2003, shall remain in full force and effect until further order of the court.

PERAC has argued that Noonan has waived this argument, and that the decision of the Appeals Court in Pulsone is the sole factor in determining which party was entitled to judgment at this stage. PERAC cannot, however, cite to any transcript or pleading evidencing such a waiver. Further, the claim that this new argument is an attempt to amend the complaint without leave of court fails, as Count V of the complaint mentions neither the unanimity argument nor the illegal standard argument. The court determines that Noonan has not waived this argument.

Ferraro concerned an appeal from a medical board’s opinion on the existence of the petitioner’s disability. Id. at 728-29. There, the reviewing body was the Contributory Retirement Appeal Board (CRAB). Id. at 729. Here, the reviewing body is the court. Sullivan v. Town of Brookline, 435 Mass. 353, 354 (2000). Still, there exists no good reason why Ferraro should not be interpreted to give this Court the power to grant the same remedies available to CRAB.