## COMMISSIONER OF REVENUE *VS.* CARGILL, INCORPORATED.

Suffolk. February 1, 1999. - March 1, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Taxation,* Investment tax credit; Corporation; Excise; Appellate Tax Board: findings. *Statute,* Construction.

The Appellate Tax Board correctly concluded that the plain language of G. L. c. 63, § 31A (*a*), which allows an investment tax credit against any excise tax due under G. L. c. 63, §§ 32, 39, for property in the Commonwealth owned by a corporation "primarily engaged in agriculture," does not require that the corporation's agricultural activity be conducted within the Commonwealth. [81-83]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Rosemary S. Gale,* Assistant Attorney General, for the plaintiff.

*William Hazel* for the defendant.

IRELAND, J. The question presented is whether a foreign corporation, whose primary business is agriculture, is entitled to the investment tax credit contained in G. L. c. 63, § 31A, where its operations within the Commonwealth are not primarily agricultural. The Appellate Tax Board (board) ruled that the corporation is entitled to the credit. The board concluded that the § 31A credit is available to those businesses which are "primarily engaged in agriculture" and own property situated within the Commonwealth, whether or not the business activity they conduct within the Commonwealth is agricultural. The Commissioner of Revenue (commissioner) appealed and we transferred the case to this court on our own motion. The commissioner argues that § 31A is only intended to apply to corporations whose primary business within the Commonwealth

is agriculture.[1] We hold that the board's conclusion is supported by the clear language of G. L. c. 63, § 31A, and, accordingly, affirm its ruling.

1. *Background.* Cargill, Incorporated, is a Minnesota-based corporation that conducts business in the Commonwealth. The parties agree, and the board found, that during the tax years in question, 1986 through 1988, Cargill's business consisted primarily of the marketing and sale of agricultural products.[2] Cargill is also involved in nonagricultural businesses. During the relevant years, Cargill sold both agricultural and non-agricultural products within the Commonwealth. Cargill does not grow, produce, or process agricultural products in the Commonwealth. Cargill and the commissioner stipulated that Cargill's Northeast Petroleum division used the property, for which the tax credit was sought, principally for distribution of petroleum products.

Cargill timely filed its Massachusetts corporate excise tax returns for the years in question. In these returns, Cargill claimed the § 31A tax credits. The commissioner conducted an audit and determined that Cargill was not entitled to the credit because it is "not primarily based in agriculture in Massachusetts." The commissioner then assessed, and Cargill paid, an additional assessment due to the disallowance of the credit.

Cargill filed applications for abatement of the additional assessment. See G. L. c. 62C, § 37C. The abatement bureau (bureau) denied the applications, basing its denial on its determination that Cargill's business was not "primarily engaged in agriculture." The bureau did not base its decision on whether or not Cargill's activities within Massachusetts were primarily related to agriculture.

Cargill appealed to the board. See G. L. c. 62C, § 39. In its ruling, the board found that "Cargill is a 'corporation primarily engaged in agriculture' which owned and used property situated within the Commonwealth for purposes of G. L. c. 63, § 31A."

---

[1]Cargill, Incorporated, asserts that, if G. L. c. 63, § 31A, does require that it be primarily engaged in agriculture within the Commonwealth to be entitled to the investment tax credit, then that requirement violates the commerce clause of the United States Constitution.

[2]The board specifically found that during these years, "Cargill's gross receipts from the sale and marketing of agricultural products ranged from seventy-four percent to ninety percent of its total gross receipts reported on its federal corporate income tax returns."

The board further found that the commissioner's interpretation of § 31A, requiring that the corporation be engaged primarily in agriculture within Massachusetts, would "engraft conditions and limitations onto the statutory provision which are simply not present in the plain language" of the statute. Consequently, the board ruled that Cargill was entitled to the § 31A tax credit for the years in question.[3] The commissioner then filed a notice of appeal, see G. L. c. 58A, § 13, and we transferred the case to this court on our own motion.

2. *Massachusetts corporate excise.* Massachusetts imposes an excise on all corporations "doing business" within the Commonwealth. See G. L. c. 63, §§ 32, 39. The statutory provision central to the present dispute, G. L. c. 63, § 31A, provides corporations an investment tax credit against the excise due. The relevant language of § 31A (*a*) states:

> "[A] corporation primarily engaged in agriculture . . . shall be allowed a credit as hereinafter provided against its excise due under this chapter. The amount of such credit shall be one per cent of the cost or other basis for federal income tax purposes of qualifying tangible property acquired, constructed, reconstructed, or erected during the taxable year . . . . Qualifying property shall be tangible personal property and other tangible property including buildings and structural components of buildings acquired by purchase . . . used by the corporation in the commonwealth; situated in the commonwealth on the last day of the taxable year . . . ."

3. *Discussion.* Decisions of the board are final as to findings of fact. See G. L. c. 58A, § 13. Consequently, "[a] decision of the board will not be reversed or modified if it is based on substantial evidence and on a correct application of the law." *Koch* v. *Commissioner of Revenue*, 416 Mass. 540, 555 (1993). See *Commissioner of Revenue* v. *Houghton Mifflin Co.*, 423 Mass. 42, 43 (1996) (when reviewing a decision of the board, "the sole question before us is whether the board erred as a matter of law"). The commissioner argues that the board committed an error of law by relying solely on the plain language of the statute because the statute is ambiguous. To reach the

---

[3]The abatements allowed by the board were as follows: 1986 abatement of $22,967; 1987 abatement of $55,535; 1988 abatement of $2,886.

conclusion urged by the commissioner, we are asked to look beyond the clear language of the statute and infer an intention on the part of the Legislature to limit the credit to those corporations "primarily engaged in agriculture" *within the Commonwealth.* Had the Legislature intended to limit the credit in the manner advocated by the commissioner, it easily could have done so.

We have recently reiterated that "we are constrained to follow" the plain language of a statute when its "language is plain and unambiguous," and its application would not lead to an "absurd result," or contravene the Legislature's clear intent. *White* v. *Boston,* 428 Mass. 250, 253 (1998). The first sentence of G. L. c. 63, § 31A (*a*), states quite clearly that "a corporation primarily engaged in agriculture" is entitled to the investment tax credit as set out in the statute. The credit is for investment in "qualifying tangible property." In order to be "qualifying tangible property" under § 31A (*a*), the property must be "used by the corporation in the commonwealth" and be "situated in the commonwealth on the last day of the taxable year."[4] The statute, however, does not require that the corporation's in-State property be used in agriculture. What the statute requires is that a corporation be "primarily engaged in agriculture" and have qualifying property in Massachusetts. In effect, the commissioner asks us to add an additional requirement to the statute: that the corporation's *in-State* property be used primarily in agriculture. The statute, however, sets out no such requirement. Where, as here, the language of the statute is clear, it is the function of the judiciary to apply it, not amend it. See generally *King* v. *Viscoloid Co.,* 219 Mass. 420, 425 (1914) ("we have no right to . . . read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose"). As the clear language of the statute does not support the commissioner's position, the board correctly ruled that Cargill was entitled to the investment tax credit for the years in question.

4. *Conclusion.* Because we conclude that G. L. c. 63, § 31A, does not require that the agricultural activity be conducted within the Commonwealth, we need not reach the commerce

---

[4]The statute contains additional requirements which are unrelated to the present dispute.

clause issue. The decision of the Appellate Tax Board is affirmed.

*So ordered.*