Nickerson, Gary A., J.
This action arises out of a home inspection performed by the defendant for the plaintiff on or about October 11, 2001. The plaintiff, Brenda Kelly, seeks damages arising from the alleged breach of contract, negligence, and violation of G.L.c. 93A, §§2 and 9, by the defendant, Michael Ayer. The defendant has filed for summary judgment contending that the plaintiffs claims are time-barred by G.L.c. 112, §225, which provides a three-year statute of repose for “any action arising from a home inspection.” The plaintiff has filed an opposition arguing that the time limitation set forth in G.L.c. 112, §225 applies only to administrative actions when read in context with the rest of the statute. The plaintiff also claims that the alleged offenses were not discoverable until June 16, 2004, and that this evidences a dispute over a material fact that precludes summary judgment for the defendant. In the alternative, plaintiff argues that the statute of limitations found at G.L.c. 260, §§2 and 5A applies here, and that the action is not time-barred under those provisions.
For the reasons stated below, the defendant’s motion for summary judgment is ALLOWED.

BACKGROUND

On or about October 11, 2001, the plaintiff contracted with the defendant for the inspection of a house located at 8 Freeman Road, Sandwich, Massachusetts (“the Property”). The defendant performed an inspection of the Property and prepared a report in accordance with his agreement with the plaintiff. The contract for services set the fee for the inspection at $150.00 and limited the inspection to “visual observations of apparent conditions.” The contract further excluded from the scope of the inspection “any latent or concealed” deficiencies or defects. The final paragraph of the agreement ensures that the inspection “conforms or exceeds the standards established by the American Society of Home Inspectors (ASHI) and the National Association of Property Inspectors (NAPI).”[1]
The inspection report was signed by the defendant and dated October 11, 2001. The document stated *645 that it was “designed to conform to the standard Real Estate contract requirements” and that it was “not the scope of this inspection to determine compliance to code or local ordinance.” The defendant’s report did not identify any structural defects with the foundation, chimney or deck on the Property.
In partial reliance on the defendant’s favorable report, the plaintiff purchased the Property on November 9, 2001. The Property was used as the primary residence for the plaintiff and her family.
On or about June 16, 2004, the plaintiff executed a purchase and sale agreement with a third party for the sale of the Property, subject to an inspection on behalf of the prospective buyer. The inspection done by the buyer’s inspector was performed on June 16, 2004 and the resulting report indicated serious structural defects in the foundation, chimney and deck of the Property. The previous owner of the house, who had sold it to the plaintiff, communicated to her at some time after June 16, 2004 that he had knowledge of the defects prior to October 11, 2001 and that they were visible and apparent. As a result of the structural defects, the plaintiff claims damages in the amount of $35,000.

DISCUSSION

Where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law, summary judgment will be granted. Mass.R.Civ.P. 56(c); Cassesso v. Commission of Correction, 390 Mass. 412, 422 (1983); Community Nat. Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of any triable issue and that they are entitled to judgment as a matter of law. Id.; Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond by alleging specific facts establishing that there are material facts in dispute in order to defeat the motion. Pederson, 404 Mass. at 17.
The defendant argues that he is entitled to summary judgment because the time limitation found at G.L.c. 112, §225 completely bars the plaintiffs claims. This is the only argument advanced in the defendant’s motion for summary judgment. The Court, therefore, limits its analysis to that issue alone.
This Court has not located any decisions of this or any other court of the Commonwealth interpreting the statute of repose provision in G.L.c. 112, §225. The Court, therefore, must use the process of general statutory interpretation commonly applied in this Commonwealth, e.g., Comm’r of Rev. v. Cargill, 429 Mass. 79, 82 (1999), to decide whether the three-year filing period applies only to administrative complaints made to the board of registration of home inspectors or to any action filed in any court of the Commonwealth.
A Court “[is] constrained to follow the plain language of a statute when its language is plain and unambiguous, and its application would not lead to an absurd result or contravene the Legislature’s clear intent.” Comm’r of Rev. v. Cargill, 429 Mass. 79, 82 (1999). “Where ... the language of the statute is clear, it is the function of the judiciary to apply it, not amend it.” E.g., id.
G.L.c. 112, §225 states that “[a]ny action arising from a home inspection shall be commenced only within three years after the date of a completed written report of a home inspection by a home inspector.” This language constitutes a statute of repose. Nett v. Bellucci, 437 Mass. 630, 635 (2002). “The effect of a statute of repose is to place an absolute time limit on the liability of those within its protection and to abolish a plaintiffs cause of action thereafter, even if the plaintiffs injury does not occur, or is not discovered, until after the statute’s time limit has expired.” McGuinness v. Cotter, 412 Mass. 617, 622 (1992). Statutes of repose are to be contrasted with statutes of limitation, which commence at the time a cause of action accrues, typically when damages are sustained or discovered. See Franklin v. Albert, 381 Mass. 611, 618-19 (1980).
The plaintiffs argue that §225 exclusively addresses administrative actions before the board. While much of §225 addresses procedures before the board of registration of home inspectors, it also mentions complaints filed, in “courtjs] of competent jurisdiction.” (Emphasis added.) The plaintiffs conclusion that the section only applies to administrative actions is, therefore, incorrect because it also identifies complaints filed in tribunals other than the board, namely courts of competent jurisdiction.
The drafters of §225 clearly knew how to apply certain provisions of the statute to specific forums. The language identifies actions undertaken by “the board” as well as “complaintfs] filed ... in a court of competent jurisdiction.” The use of the broad phrase “any action arising from a home inspection” (emphasis added) is indicative of an intent to apply the three-year statute of repose generally, including to actions filed in the Superior Court. Furthermore, the use of “the date of a completed written report of a home inspection by a home inspector” as a firm date to begin the running of the time period evidences an intent for §225 to constitute a statute of repose. See McGuinness, 412 Mass. at 622. Thus, even if the alleged injury was not discoverable until June 16, 2004, it would still be time-barred as the “discovery rule” does not apply to statutes of repose as it would to a statute of limitations.[2] See id., Franklin, 381 Mass. at 618-19.
The material facts needed to determine whether the plaintiffs claims fall within the statute of repose provided by G.L.c. 112, §225 are undisputed. The written home inspection report signed by the defendant, a home inspector, was dated October 11, 2001. Neither *646 parly disputes that this was both the date of the inspection and the date on which the report was completed. The plaintiff asserts that she discovered that the inspection was inadequate on June 14, 2004. She did not file this action until March 2, 2005. The thee-year statute of repose period expired on October 11, 2004. The claims asserted in the complaint are therefore time-barred.

ORDER

For the reasons stated above, the defendant’s motion for summary judgment is ALLOWED.

 A writing memorializing the standards of ASHI or NAPI was not provided to the Court, but is immaterial to deciding the present motion.

 Compare the statutes of limitations appearing at G.L.c. 260, §§2 and 5A, which start the limitations period running “after the cause of action accrues,” allowing for application of the “discovery rule” in determining when the time period begins.