Tucker, Richard T., J.
This is a civil action arising out of the purchase of a residence by plaintiffs from the defendants on or about March 2002. The instant motion relates to a home inspection that the third-party defendant Raymond Camosse (Camosse) is said to have performed at the premises on February 28, 2002. The home inspection was conducted by Camosse, as he is the owner and operator of Homeinex Corporation, a Massachusetts Corporation.[1] Plaintiffs allege in their Complaint that the defendants failed to disclose the alleged faulty condition of the foundation and that as a result the plaintiffs have suffered significant financial damages. Plaintiffs allege fraudulent concealment on the part of the defendants and state that they were not aware of these defects until shortly before they filed their claim in 2007.
The defendants, having brought Camosse into this suit as a third-parly defendant, alleged that Camosse’s inspection of the premises was negligent in that it did not reveal and/or apprise the plaintiffs of any foundation problems. Accordingly, the defendants seek contribution from Camosse for all or part of any damages for which the defendants may be held liable to the plaintiff.
Camosse has defended the third-party claim in this motion by raising the potential bars to any action by the operation of the Statute of Limitations governing negligence actions, Mass.G.L.c. 260, §2A, and the Home Inspector Statute of Repose, Mass.G.L.c. 112, §225.
For the reasons stated below, the third-party defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
On or about March of 2002, the plaintiffs as purchasers and the defendants as sellers contracted for the sale of the defendants’ residence located at 36 Apollo Drive, Southbridge, Massachusetts. As part of this transaction the plaintiffs hired the third-party defendant and/or his company Homeinex Corporation to perform a home inspection at the premises. Camosse performed said home inspection and he or Homeinex Corporation rendered to plaintiff the written *56 home inspection report dated February 28, 2002. For his services Camosse/Homeinex was paid One Hundred and Ninety-five ($195.00) Dollars. With his report, Homeinex provided the plaintiffs with a “Life Time Consulting Guarantee” which provided that Homeinex Corporation would continue to provide personal consultation regarding any question that plaintiffs may have concerning their home, by phone, for free for as long as they continued to own their house. The inspection report provided that all disputes arising from the inspection and/or report “shall be resolved ... by arbitration,” that any claim for a failure to “report the visually discernable conditions at the subject property . . . shall be made in writing and reported to the inspector within ten business days of discovery” and that “any failure to notify the inspector as stated above shall constitute a waiver of any and all claims for said failure to accurately report the condition in question.”
The third-parly defendant, Camosse, now files a motion for summary judgment and states that the third-party complaint should be dismissed as a result of the operation of the applicable Statute of Limitations, Mass.G.L.c. 260, §2A and/or the Statute of Repose, Mass.G.L.c. 112, §225.
DISCUSSION
Where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law, summary judgment will be granted. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1988); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of any material triable issue and that he is entitled to judgment as a matter of law. Id.; Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Once the moving party establishes the absence of a triable issue, the opposing party must respond by setting forth specific facts establishing that there are material facts in dispute in order to defeat the motion. Pederson, 404 Mass. at 17.
Although the provisions of Mass.G.L.c. 260, §2A provide that claims for negligence must be brought within three years of the accrual of the cause of action,[2] the accrual date of a negligence action, for statute of limitations analysis, is subject to extension or tolling during the period of time that the injury or harm is undiscoverable by the injured party. McEneaney v. Chestnut Hill Realty Corp., 38 Mass.App.Ct. 573, 577 (1995); Sanguinetti v. Nantucket Construction Co., 5 Mass.App.Ct. 227, 238 (1977). Plaintiffs have alleged the fraudulent concealment of the cause of action by defendants. This tolling defense would appear to also be available to the defendants in their third-party action against the third-party defendant Camosse. In any event, whether or not the defects were inherently unknowable or undiscoverable within the periods of limitation or whether or not the alleged defective foundation should have been discovered within the limitations period presents questions of fact for determination by the fact finder. See, Koe v. Mercer, 450 Mass. 97, 101 (2007), Friedman v. Jablonski, 371 Mass. 482, 487 (1976) and Hendrickson v. Sears, 365 Mass. 83 (1974).
The Statute of Repose for Home Inspectors as set forth in Mass. G.L.c. 112, §225 is not tolled or extended by a parly’s lack of knowledge of the injury in question. “The effect of a Statute of Repose is to place an absolute time limit on the liability of those within its protection and to abolish a plaintiffs cause of action thereafter, even if the plaintiffs injury does not occur or is not discovered, until after the statute’s time limit has expired.” McGuinness v. Cotter, 412 Mass. 617, 622 (1992). Unlike a statute of limitations which generally does not begin to run until the party’s injury has been or reasonably should have been discovered, a statute of repose “ ‘completely eliminates a cause’ of action after the time period established runs without regard to the concept of accrual or of discovery.” Id. at 622, citing Klein v. Catalano, 386 Mass. 701, 702 (1982).
The provisions of Mass. G.L.c. 112, §225 present a statute of repose in regard to potential liability of a home inspector based upon the home inspection or his report. According to its provisions and the application of the law governing statutes of repose, the potential liability of the third-parfy defendant Camosse in this action was abolished upon the expiration of three years following the date of the report. There is no question that the third-party action against Camosse suit was filed more than six years following the date of the inspection report. See, Dighton v. Federal Pacific Electric Co., 399 Mass. 687, 691-93 (1987); Kelly v. Ayer, 20 Mass. L. Rptr. 644, 2006 WL 933408 (Mass.Super. 2006). Defendants argue however that with the “Life Time Consulting Guarantee” provided by Homeinex Corporation, “the third-party defendant removed himself from protection set forth in the Statute of Repose set forth in c. 112 §225 and from the three year state [sic] of limitations for tests.” This Court finds no legal authority for the ability of a private party to intentionally or otherwise, extend the Statute of Repose nor does the Court construe the wording of the Life Time Consulting Guarantee itself to accomplish this. At most, that guarantee provides follow-up consulting to the homeowners and is silent on any limitation or extension of the inspector’s liability.
The material facts needed to determine whether the third-party claim is subject to the Statute of Repose provided by G.L.c. 112, §225 are undisputed. The written home inspection report signed by the defendant, a home inspector, was dated February 28, 2002. The plaintiff claims in his Complaint not to have discovered the defective foundation until sometime in 2007.
*57 The plaintiffs Complaint was filed on April 22, 2008 and the Third-Party Complaint was filed by defendants on August 11, 2008. The claims asserted in the Third-Party Complaint are therefore time barred under the Statute of Repose.
ORDER
For the reasons stated above, the third-party defendant’s Motion for Summary Judgment is ALLOWED.

 Although the present third-party defendant is Raymond Camosse, the Court’s decision addresses the rights of Camosse as well as the rights of Homeinex Corporation as home inspectors.

 Mass. G.L.c. 260, §2A states that “except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.”