80 Mass. App. Ct. 203 (2011)                                    203

Harvard 45 Associates, LLC *v.* Allied Properties and Mortgages, Inc.

# Harvard 45 Associates, LLC *vs.* Allied Properties and Mortgages, Inc., & others.[1]

No. 10-P-598.

Suffolk. January 18, 2011. - August 25, 2011.

Present: Lenk, Graham, & Fecteau, JJ.[2]

*Mortgage,* Discharge. *Statute,* Construction.

The clear and unambiguous language of G. L. c. 260, § 33, the "Obsolete Mortgages" statute, which causes by its operation to be discharged as matter of law all mortgages five years after the date on which they become due, unless an extension, acknowledgment, or affidavit is recorded within that period of time, caused to be discharged a mortgage where the appropriate documents were not timely recorded, even though the owner of the property in question had actual notice that the mortgage had not been satisfied [206-210]; moreover, where the statute was unambiguous and the Legislative intent clear, this court lacked the authority to circumvent the operation of the statute [211-212].

Where a property owner's fee simple title to property on which the defendant held a mortgage had been affirmed in a previous judgment by the Land Court, the defendant, in a subsequent action brought in the Land Court to quiet title to the property, was limited to challenging the validity of the mortgage. [210-211]

In the circumstances of an action brought in the Land Court to quiet title to property on which the defendant held a mortgage, there was no merit to the defendant's argument that the plaintiff property owner should be judicially estopped from asserting that the mortgage was discharged. [211]

Civil action commenced in the Land Court Department on September 19, 2008.

The case was heard by *Alexander H. Sands,* J., on motions for summary judgment.

*David P. Russman* for the defendants.

*Nicholas J. Nesgos* for the plaintiff.

---

[1] Andre Danesh and Mary Bishay. Bishay is the appealing party.

[2] Justice Lenk participated in the deliberation on this case while an Associate Justice of this court, prior to her appointment as an Associate Justice of the Supreme Judicial Court.

GRAHAM, J. The plaintiff, Harvard 45 Associates, LLC (Harvard 45), brought an action in the Land Court to quiet title to property located in Westwood on which the defendant, Mary Bishay, held a mortgage. The plaintiff alleged that the mortgage had been discharged under G. L. c. 260, § 33, the "Obsolete Mortgages" statute, since the mortgage holder had failed to record the mortgage with the registry of deeds as required by the statute. The defendant filed an answer and counterclaim seeking a declaration that the mortgage was "binding and in effect" as to the plaintiff, who had actual notice that the mortgage had not been satisfied. On cross-motions for summary judgment, a judge of the Land Court concluded that the mortgage had expired and was discharged, and entered final judgment in favor of the plaintiff.

On appeal, the defendant contends that G. L. c. 260, § 33, is ambiguous and should be interpreted so as to provide an "actual notice" defense to the limitation period provided therein. Moreover, the defendant argues that if the statute applies, an affidavit filed by Andre Danesh satisfied the recording requirement. The defendant further asserts that the plaintiff failed to comply with the requirements of G. L. c. 223, § 75, which obligates an attaching creditor to pay off an outstanding mortgage after demand has been made by the mortgage holder and, therefore, the plaintiff's right to the property is void and equitable estoppel should preclude the plaintiff from denying the validity of the mortgage. We find no merit to the arguments advanced by the defendant, and accordingly, we affirm.

*Background.* The salient facts are not contested. Bahig Bishay purchased property located at 163 Blue Hill Drive, Westwood (property), in 1978. On May 24, 2001, Bishay and Brighton Avenue Associates, LLC (BAA),[3] executed an agreement for judgment with respect to a then-pending case in the District Court. On May 30, 2001, a judge of the District Court issued a judgment by agreement in favor of BAA, whereby BAA was awarded, among other things, a monetary judgment and a writ of execution (execution) dated May 30, 2001, in favor of BAA and against Bishay.

On May 31, 2001, Bishay granted defendant Allied Properties

---

[3]Brighton Avenue Associates, LLC is affiliated with Harvard 45.

and Mortgages (Allied) a mortgage (mortgage) on the property to secure a $300,000 debt. Allied recorded the mortgage with the Norfolk County registry of deeds on May 31, 2001. The mortgage provided that it was to be due and payable on August 31, 2001. An extension agreement, which extended the term of the mortgage to August 31, 2003, was executed on August 31, 2001, but the extension agreement was not recorded.

On August 15, 2001, pursuant to the execution, a Norfolk County deputy sheriff seized Bishay's right, title, and interest in the property. BAA then assigned to Harvard 45 its right, title, and interest in the execution "to the extent necessary to enable [it] to bid as the creditor up to the full amount on the [e]xecution, at its discretion, for the purchase of [the property]." The plaintiff acquired title to the property on February 18, 2004, following a sheriff's sale. On February 9, 2005, Bishay filed an action in the Superior Court to exercise his right of redemption regarding the property. Final judgment was entered on October 13, 2006, terminating Bishay's right of redemption, in which the judge declared that the plaintiff "holds fee simple title to the [p]roperty . . . free of all Bahig Bishay's rights of redemption." That judgment was later affirmed in this court.[4]

On November 30, 2006, Allied assigned the mortgage to defendant Andre Danesh, the president and treasurer of Allied; that assignment was recorded in the Norfolk County registry of deeds on December 7, 2006.

The plaintiff brought a summary process action against Bishay and his wife, Mary Bishay, for possession of the property on March 17, 2008, and judgment for the plaintiff was entered on April 17, 2008. An appeal of the summary process action was dismissed on August 25, 2008.

On September 19, 2008, the plaintiff filed this action in the Land Court to quiet title to the property and to seek a declaration that the mortgage held by Allied and, subsequently, Danesh was discharged pursuant to G. L. c. 260, § 33. The plaintiff named Danesh and Allied as defendants. Danesh, on September 29, 2008, executed an affidavit pursuant to G. L. c. 260, §§ 33-35

---

[4]*Bishay* v. *Brighton Ave. Assocs., LLC,* 71 Mass. App. Ct. 1102 (2008) (unpublished memorandum and order issued pursuant to Appeals Court rule 1:28).

(affidavit), concerning the mortgage. By instrument dated October 2, 2008, Danesh assigned the mortgage to Mary Bishay, and subsequently, the plaintiff amended its complaint to add Mary Bishay as a defendant. After a hearing on cross-motions for summary judgment, a judge of the Land Court entered judgment in favor of the plaintiff, and this appeal followed.

*Discussion.* 1. *The "Obsolete Mortgages" statute.* General Laws c. 260, § 33, the statute of limitations governing the enforceability of mortgages, was amended by St. 2006, c. 63. The amended statute applies retroactively to mortgages that were recorded before the effective date of the amendment, which was October 1, 2006. Specifically, the statute provides, in relevant part:

> "A power of sale in any mortgage of real estate shall not be exercised and an entry shall not be made nor possession taken nor proceeding begun for foreclosure of any such mortgage after the expiration of, in the case of a mortgage in which no term of the mortgage is stated, 35 years from the recording of the mortgage or, in the case of a mortgage in which the term or maturity date of the mortgage is stated, 5 years from the expiration of the term or from the maturity date, unless an extension of the mortgage, or an acknowledgment or affidavit that the mortgage is not satisfied, is recorded before the expiration of such period. In case an extension of the mortgage or the acknowledgment or affidavit is so recorded, the period shall continue until 5 years shall have elapsed during which there is not recorded any further extension of the mortgage or acknowledgment or affidavit that the mortgage is not satisfied. The period shall not be extended by reason of . . . agreement, extension, acknowledgment, affidavit or other action not meeting the requirements of this section and sections 34 and 35. Upon the expiration of the period provided herein, the mortgage shall be considered discharged for all purposes without the necessity of further action by the owner of the equity of redemption or any other persons having an interest in the mortgaged property . . . ."

Statute 2006, c. 63, § 8, provides that the amendment "shall

apply to all mortgages, whether recorded before, on or after the effective date hereof, except that, the term of a mortgage which as a result of [G. L. c. 260, § 33,] would expire within 1 year after the effective date of this act shall be extended for a period of 1 year from the effective date of this act [October 1, 2007]."

General Laws c. 260, § 34, sets forth the requirements for an extension or acknowledgment of a mortgage. It provides that an affidavit will not be sufficient to extend the expiration date of the mortgage unless it is (1) executed by the holder of the mortgage, (2) describes the mortgage sufficiently to identify the record thereof, (3) names one or more of the person or persons then appearing of record to own the real estate then subject to the mortgage, and (4) states "that the mortgage remains unsatisfied, and if the mortgage secures a promissory note or sum of money, the amount believed to remain unpaid."[5]

The defendant argued before the Land Court, and maintains now, that the language of the Obsolete Mortgages statute is ambiguous, and that the legislative intent of the statute indicates that it does not apply to the mortgage in dispute. When the meaning of a statute is at issue, we look first to the actual language of the statute. See *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 853 (1983); *Martha's Vineyard Land Bank Commn.* v. *Board of Assessors of West Tisbury*, 62 Mass. App. Ct. 25, 27 (2004). Where the language of a statute is clear and unambiguous, "judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Beaupre* v. *Cliff Smith & Assocs.*, 50 Mass. App. Ct. 480, 491 (2000), quoting from *Estate of Cowart* v. *Nicklos Drilling Co.*, 505 U.S.

---

[5]General Laws c. 260, § 34, provides: "No extension of the mortgage, and no acknowledgment that the mortgage is not satisfied, . . . shall be sufficient to extend the period specified in section thirty-three unless it is executed by one or more of the person or persons then appearing of record to own the real estate then subject to the mortgage, and describes the mortgage sufficiently to identify the record of it, and states that the property is subject to the mortgage or that the mortgage is not satisfied. No affidavit that the mortgage is not satisfied shall be sufficient to extend the period unless it is executed by the holder of the mortgage, describes the mortgage sufficiently to identify the record thereof, names one or more of the person or persons then appearing of record to own the real estate then subject to the mortgage, and states that the mortgage remains unsatisfied, and if the mortgage secures a promissory note or sum of money, the amount believed to remain unpaid. . . ."

469, 475 (1992). "Where the words are 'plain and unambiguous' in their meaning, we view them as 'conclusive as to legislative intent.' " *Water Dept. of Fairhaven* v. *Department of Envtl. Protection*, 455 Mass. 740, 744 (2010), quoting from *Sterilite Corp.* v. *Continental Cas. Co.*, 397 Mass. 837, 839 (1986). Courts must follow unambiguous statutory language "unless 'following the Legislature's literal command would lead to an absurd result, or one contrary to the Legislature's manifest intention.' " *Providence & Worcester R.R. Co.* v. *Energy Facilities Siting Bd.*, 453 Mass. 135, 142 (2009), quoting from *White* v. *Boston*, 428 Mass. 250, 253 (1998). We cannot look beyond the words of the statute in such a case, even if "we . . . recognize a potential unfairness within a statute's clear language . . . [or] a statute creates a potential anomaly" (footnote omitted). *Commonwealth* v. *Mandell*, 61 Mass. App. Ct. 526, 528 (2004).

The language of G. L. c. 260, § 33, is unambiguous. The statute clearly discharges as matter of law all mortgages five years after the date on which they become due, unless an extension, acknowledgment, or affidavit is *recorded* within that period of time. There is no room for debate over the meaning of language that establishes a clear set of requirements that may not be circumvented to avoid the consequences of discharge. The language of § 33 is final and applies universally to discharge mortgages, regardless of the intent, knowledge, or "acknowledgment" of the mortgagee or mortgagor, if the appropriate documents are not timely recorded.[6]

Our reading of the statute finds support in Federal decisions interpreting the same language. Rejecting the argument that § 33 applies only to defunct or inactive mortgages, a claim also advanced by the defendant in this appeal, the United States Bankruptcy Court concluded, "[t]he language of the Obsolete Mortgages [s]tatute is unambiguous and contains no exceptions. A mortgagee's actions, short of timely recording an appropriate document, are ineffective to extend an expired mortgage. Had

---

[6]Without deciding whether certain acts of the plaintiff or documentary admissions constitute "acknowledgment" of the mortgage, or whether the assignment to Danesh "placed the world on notice that the mortgage was still in effect," we reject Bishay's argument that the plaintiff's knowledge of the debt renders the statute inapplicable.

the [L]egislature intended the Obsolete Mortgages statute to have a more narrow application, . . . it was certainly capable of drafting the statute accordingly." *In re 201 Forest St., LLC*, 404 B.R. 6, 10 (Bankr. D. Mass. 2009). Reversing on other grounds, the reviewing court agreed that "[t]he effect of the Obsolete Mortgages [s]tatute is to extinguish the mortgagee's rights as mortgagee." *LBM Fin., LLC v. 201 Forest St., LLC*, 422 B.R. 888, 893 n.7 (B.A.P. 1st Cir. 2010). See *Motta v. Andre*, 434 B.R. 193, 201 (B.A.P. 1st Cir. 2010).[7] We also find support for our approach in the decisions of other States, which have strictly construed the recording requirements of mortgage extensions. The Supreme Court of Iowa concluded that the failure to record an extension precludes an action between mortgagor and mortgagee to foreclose a mortgage that has been discharged pursuant to the state's "Foreclosure of Ancient Mortgages" statute. See *Willow Tree Invs., Inc.* v. *Wilhelm*, 465 N.W.2d 849, 850 (Iowa 1991). See also *Pro-Max Corp.* v. *Feenstra*, 117 Nev. 90, 95 (2001) (concluding similar Nevada statute was unambiguous and operated to extinguish any debt on real property secured by a deed of trust ten years after the debt becomes due in the absence of a recorded extension).

---

[7]At oral argument, Bishay argued that a plain reading of § 33 presents a constitutional difficulty because if the statute is applied retroactively to mortgages that expired prior to the effective date of the statute, they do not receive the benefit of the one-year savings clause, and it would result in an unconstitutional taking of the mortgagor's power of sale. See *Gandolfo* v. *Graham*, 16 Mass. Land Ct. Rep. 158, 161-162 (2008) (concluding that the statute must be construed so as to extend the applicable statute of limitations to October 1, 2008). Though we need not reach the constitutional question in this instance because the parties both argued below that the mortgage matured on October 1, 2007, under the one-year savings provision of the statute, we note with approval a subsequent decision in the same case, concluding that "the Legislature explicitly deferred the effective date [of the amended statute] until October 1, 2006 . . . . [T]his court is satisfied that the approximate five and a half month period afforded by the Legislature in which to pursue a foreclosure claim is entirely adequate from a constitutional perspective." *Gandolfo vs. Graham*, Order Allowing Plaintiffs' Motion for Reconsideration, Order Allowing Plaintiffs' Motion for Summary Judgment, Land Court, No. 07-MISC-346141 (October 8, 2010). See *Leibovich* v. *Antonellis*, 410 Mass. 568, 576 (1991) ("A legislative enactment carries with it a presumption of constitutionality, and the challenging party must demonstrate beyond a reasonable doubt that there are no 'conceivable grounds' which could support its validity").

Turning to the facts at hand, we agree with the Land Court judge that, under the plain language of § 33, the mortgage has been discharged. The mortgage, clearly within the purview of the statute, expired on August 31, 2001, and was therefore discharged by operation of law on August 31, 2006.[8] The extension agreement did not, contrary to the defendant's assertion, extend the maturity date of the mortgage for purposes of the Obsolete Mortgages statute. The extension agreement was never recorded and is therefore not a valid extension under the clear requirements of § 33. Neither the assignment to Danesh nor the affidavit executed by Danesh constitutes valid extensions of the mortgage. Both documents were executed after the mortgage had expired, on November 30, 2006, and September 29, 2008, respectively.[9]

2. *Additional claims.* We turn now to the additional arguments advanced by Bishay challenging the discharge of the mortgage and address each in turn.

The defendant maintains that the plaintiff lacks good title to the property because the execution in which Harvard 45 acquired the property was dissolved pursuant to G. L. c. 223, § 75, as amended through St. 1959, c. 580, § 19, which provides, in relevant part, "within a reasonable time after such property has been attached . . . the mortgagee, pledgee, lienor, conditional vendor or secured party, or his assigns, may demand payment of the money for which the property is liable . . . . If the balance as stated in the account, whether then payable or not, is not paid . . . within ten days after such service, the attachment

---

[8]The Land Court judge did not decide the operative date on which the mortgage was discharged. Both parties argued below that the amendment to the statute extended the maturity date of the mortgage to October 1, 2007, one year after the effective date of the amendment. Though we do not agree that the mortgage would have received the benefit of the one-year savings clause, the actual date on which the mortgage expired does not alter our analysis. The mortgage is discharged as matter of law.

[9]The Land Court judge also concluded that the assignment failed to meet the requirements of § 34 "because it was neither executed by the owner of the [property] at the time of execution (plaintiff), nor does it state that [the property] is subject to the mortgage or that the mortgage is not satisfied." The requirements of § 34 are clearly stated and failure to comply will render a purported extension or acknowledgment that the mortgage is not satisfied invalid. See *In re Shamus Holdings, LLC*, 409 B.R. 598, 602 (Bankr. D. Mass. 2009).

shall be dissolved . . . ." We are not persuaded that the statute is applicable here. Section 75 refers, through the phrase "such property," to the previous section, G. L. c. 223, § 74; both sections concern the attachment of "[p]ersonal property of a debtor which is subject to a mortgage, pledge or lien, and of which he has the right of redemption, or personal property sold under a contract of conditional sale reserving title in the vendor . . . ." G. L. c. 223, § 74. Neither section is applicable here, where the plaintiff acquired real property following a sheriff's sale. See *Mugford* v. *Rival Foods, Inc.*, 302 Mass. 435, 437 (1939) ("[t]he purpose of the statute in requiring this 'just and true account of the debt or demand' for which the property is liable is to give those who are attaching the property sufficient knowledge so that they may intelligently decide upon their course of action"); *Atlantic Fin. Corp.* v. *Galvam*, 311 Mass. 49, 51 (1942); *Bishins* v. *Richard B. Mateer, P.A.*, 61 Mass. App. Ct. 423, 430-431 (2004) (judgment on "chattel mortgage" entitles holder only to interest in a limited partnership, but not a portion of real estate owned by the partnership). The plaintiff's fee simple title to the property has been affirmed in a previous judgment by this court, and the defendant's challenge here is limited to the validity of the mortgage.

The defendant also maintains that the plaintiff should be judicially estopped from asserting that the mortgage is discharged pursuant to G. L. c. 260, § 33, because of several assertions made in discovery in the summary process action purportedly acknowledging the ongoing validity of the mortgage. The defendant cites an interrogatory to which the plaintiff responded that it did "not know the current pay-off amount" of the mortgage, and the plaintiff's response to a request for admissions in which it admitted to having made no mortgage payments. Although neither response directly challenges the validity of the mortgage, the absence of such a challenge does not render the plaintiff's responses inconsistent with its position in the current action. Moreover, G. L. c. 260, § 33, operates to discharge a mortgage regardless of the parties' actual knowledge of it or efforts to maintain it, should those efforts fail to meet the requirements of §§ 33-34.

Finally, the defendant argues that judicial equity favors the

continuing validity of the mortgage. Having concluded that the statute is unambiguous and the Legislative intent clear, we lack the authority to circumvent the operation of the statute. "Where, as here, the language of the statute is clear, it is the function of the judiciary to apply it, not amend it." *Commissioner of Rev.* v. *Cargill, Inc.*, 429 Mass. 79, 82 (1999). See *Freeman* v. *Chaplic*, 388 Mass. 398, 406 n.15 (1983) (a court cannot "disregard statutory requirements").

3. *Conclusion.* For the foregoing reasons, we conclude that the mortgage is discharged as matter of law.

*Judgment affirmed.*