SUFFRITI vs. SHEA, 100 Mass. App. Ct. 740

 
 HAYLEY L. SUFFRITI, personal representative, [Note 1] vs. JAMES SHEA.

100 Mass. App. Ct. 740
 December 3, 2020 - February 24, 2022

Court Below: Land Court
Present: Green, C.J., Sullivan, & Shin, JJ.

 

Mortgage. Real Property, Mortgage. Negotiable Instruments, Note. Practice, Civil, Amendment. Statute, Construction. Words, "Obsolete mortgage," "Maturity date."

In a civil action to remove a cloud on title, a Land Court judge properly issued summary judgment in favor of the defendant mortgagee declaring the mortgage to be enforceable under G. L. c. 260, § 33, the "obsolete mortgage statute," where, despite the recording of an amendment to a note extending the term of the note for an additional year, the original mortgage, which did not state a term or maturity date, was one with no maturity date and thus enforceable for thirty-five years from the date of its recording. [742-743] 

CIVIL ACTION commenced in the Land Court Department on December 14, 2018.

 The case was heard by Michael D. Vhay, J., on motions for summary judgment. 

 David F. Kiah for the plaintiff.

 Roy F. Gelineau, Jr., for the defendant.

 SULLIVAN, J. At issue in this case is the applicability of the "obsolete mortgage statute," G. L. c. 260, § 33, to a mortgage that incorporated a note by reference, but failed to state the term or maturity date of either the mortgage or the note in the mortgage document. We conclude that such a mortgage is one that lacks a stated term, that the subsequent amendment and recordation of the note did not alter the term of the mortgage, and that the term of the mortgage is thirty-five years. Id. Accordingly, we affirm the judgment, which declared the mortgage to be enforceable.

 Page 741 

 Kathleen McMath borrowed $40,000 from the defendant, James Shea, to repay an obligation incurred with respect to the conversion of a residential condominium unit in Salem. To secure the loan, McMath gave Shea a note providing for payment within one year, and a mortgage, which stated that it was to secure a loan "payable as provided in a note of even date." Both the note and the mortgage were dated September 15, 2006. The mortgage was recorded, but the note was not. Subsequently, on September 28, 2007, the note was revised, extending the term of the note for an additional year (revision agreement). [Note 2] Over ten years later, on August 17, 2018, McMath recorded an affidavit pursuant to G. L. c. 183, § 5B, to which she attached a copy of the mortgage and the revision agreement. This affidavit, which followed on the heels of demands for payment in full, [Note 3] purported to state that the revision agreement "modified my mortgage with James W. Shea by establishing a new stated maturity date of September 15, 2008," and that "[t]his information is relevant to title questions related to the enforceability of the . . . mortgage as the same may be affected by the obsolete mortgage statute." Some four months later, this action was filed.

 McMath's estate now appeals from a summary judgment issued for Shea on McMath's complaint to remove a cloud on title. On appeal, as McMath had argued in the Land Court, the estate asserts that the recording of the revision agreement converted the mortgage from one with no stated maturity date to one in which the maturity date was stated under the obsolete mortgage statute. G. L. c. 260, § 33. [Note 4] The estate further contends that the mortgage is now unenforceable under the obsolete mortgage statute because 

 Page 742 

more than five years have passed since September 15, 2008, the maturity date stated in the recorded revision agreement. A judge of the Land Court concluded that the mortgage, despite the subsequent recording of the affidavit, was one with no maturity date and thus enforceable for thirty-five years from the date of the recording.

 We agree with the Land Court judge that the mortgage is one "in which no term of the mortgage is stated," and that the term of the mortgage is therefore "[thirty-five] years from the recording of the mortgage." G. L. c. 260, § 33. In reaching this conclusion we turn to "the canon of statutory construction that the primary source of insight into the intent of the Legislature is the language of the statute." International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 853 (1983). "The language is interpreted in accordance with its plain meaning, and if the language is clear and unambiguous, it is conclusive as to the intent of the Legislature." Deutsche Bank Nat'l Trust Co. v. Fitchburg Capital, LLC, 471 Mass. 248, 253 (2015).

 The mortgage was at all times one in which "no term of the mortgage [was] stated." G. L. c. 260, § 33. "The language of G. L. c. 260, § 33, is unambiguous." Harvard 45 Assocs., LLC v. Allied Props. & Mtges., Inc., 80 Mass. App. Ct. 203, 208 (2011). The plain meaning of the statute is that the term of the mortgage must be stated on the face of the mortgage. See Deutsche Bank, 471 Mass. at 257-258. A statement regarding the date by which the note must be paid will suffice for this purpose, as the note and the mortgage typically operate in tandem. Id. Here, however, there was no such language in the mortgage, which incorporated the note by reference, but did not state the term or maturity date of either the note or the mortgage. Contrast id. And while the note

 Page 743 

 was amended, the mortgage was not. Because the term or maturity date of the mortgage did not appear on the face of the mortgage, the term of the mortgage is thirty-five years.

 This result is consistent with and furthers the purposes of the obsolete mortgage statute. "The statute is designed to create a definite point in time at which an old mortgage will be deemed discharged by operation of law . . . ." Thornton v. Thornton, 97 Mass. App. Ct. 694, 696 (2020), quoting Nims v. Bank of N.Y. Mellon, 97 Mass. App. Ct. 123, 126 (2020). "The obsolete mortgage statute sets time periods after which a 'mortgage shall be considered discharged for all purposes without the necessity of further action by the owner of the equity of redemption or any other persons having an interest in the mortgaged property.'" Nims, supra, quoting G. L. c. 260, § 33. See LaRace v. Wells Fargo Bank, N.A., 99 Mass. App. Ct. 316, 329 (2021). The legislative policy providing for a streamlined, self-executing discharge of obsolete mortgages is best served by hewing closely to the language of the statute, which ensures that the term of the mortgage is clearly and plainly stated on the face of the mortgage, not by reference to a note or other document incorporated by reference. [Note 5] This statutory requirement furthers the legislative policy intended to quiet title after a finite and readily discernable period of time, minimizes the likelihood of disputes over the validity of a discharge, and provides consistency and certainty to the parties to the transaction and to third parties who may rely on the recorded mortgage.

 For these reasons, the judgment is affirmed.

So ordered.

FOOTNOTES
[Note 1] Of the estate of Kathleen McMath. This appeal was filed by Kathleen McMath. Shortly after oral argument, McMath died. The appeal was stayed pending the appointment of a personal representative. Hayley L. Suffriti was appointed as personal representative on December 30, 2021, and a motion to substitute was subsequently allowed by the panel to substitute Suffriti as the plaintiff-appellant. 

[Note 2] The amendment, entitled "Agreement for Revision of Terms of Note," stated in relevant part: 

"NOW THEREFORE, for good and valuable consideration paid, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree that the NOTE is hereby further amended as follows: A. The Maturity Date, referred to in paragraph 3 of said NOTE is hereby changed to September 15, 2008."

[Note 3] By 2009, McMath had defaulted, and demand for payment was made in November of 2017 in the amount of $90,905.97. In a subsequent accounting, the amount was revised to an estimated $94,815.90 as of July 26, 2018. 

[Note 4] General Laws c. 260, § 33, provides in pertinent part: 

"A power of sale in any mortgage of real estate shall not be exercised and an entry shall not be made nor possession taken nor proceeding begun for foreclosure of any such mortgage after the expiration of, in the case of a mortgage in which no term of the mortgage is stated, [thirty-five] years from the recording of the mortgage or, in the case of a mortgage in which the term or maturity date of the mortgage is stated, [five] years from the expiration of the term or from the maturity date, unless an extension of the mortgage, or an acknowledgment or affidavit that the mortgage is not satisfied, is recorded before the expiration of such period. In case an extension of the mortgage or the acknowledgment or affidavit is so recorded, the period shall continue until [five] years shall have elapsed during which there is not recorded any further extension of the mortgage or acknowledgment or affidavit that the mortgage is not satisfied. . . . Upon the expiration of the period provided herein, the mortgage shall be considered discharged for all purposes without the necessity of further action by the owner of the equity of redemption or any other persons having an interest in the mortgaged property . . . ." (Emphasis added.)

[Note 5] There is no legal requirement that a note be recorded, and the note and the mortgage are distinct legal interests that may be separated. See Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 576 (2012); Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 210 (2014). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.